THE ATCHISON, TOPEKA & SANTA FÉ RAILROAD COMPANY v. WILLIAM H. IRWIN.

PRACTICE; *Damages; Erroneous Instruction.*    In an action against a railroad company to recover for personal injuries where the plaintiff specifically alleged that the injury was caused by the negligence of his coëmployé, the engineer of the train, and no other basis of recovery was stated, it was error for the court to present to the jury a question not made by the pleadings, by instructing them that the

plaintiff might recover if the injury was caused by the negligence of the fireman.

*Error from McPherson District Court.*

ACTION by *Irwin* against *The Railroad Company*, to recover damages for personal injuries. Trial at the October Term, 1884, and judgment for plaintiff for $300, with interest and costs. The defendant company brings the case here. The opinion states the facts.

*James Hagerman, A. A. Hurd*, and *Robert Dunlap*, for plaintiff in error.

*Frank G. White*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This action was brought by William H. Irwin against the Atchison, Topeka & Santa Fé Railroad Company, to recover for personal injuries sustained by him while serving the company as brakeman. It was tried by a jury, and resulted in a verdict and judgment in favor of the plaintiff. The defendant brings the case here upon alleged errors in the instructions given to the jury. The plaintiff, after stating his employment as brakeman, and that while so engaged on April 14, 1883, it became necessary for him to couple-together the engine and a certain car, set forth the cause of the injury and the liability of the defendant therefor, in the following language:

"That the engineer of said train, who was then an employé of the defendant, and a coëmployé of the plaintiff, and controlling and operating his said engine at the time, backed his said engine toward the plaintiff and the said car for the purpose of permitting the plaintiff to couple together the engine and said car; that when the engine had approached to the proper distance from the said car, the plaintiff signaled the engineer to stop the engine, and stepped in the proper manner, and at the proper time, between the engine and the car for the purpose of making the coupling aforesaid; but plaintiff avers that the said engineer, neglecting the legal duty which he owed himself, this plaintiff, and defendant, negligently and

unlawfully failed, neglected and refused to stop his said engine when so signaled as aforesaid by plaintiff, or to pay any attention to the plaintiff's said signal, by reason whereof, through the gross negligence and default of the said engineer, and without any negligence or fault of the plaintiff, the said engine was propelled against the said car with such terrific force and a terrible jar as to nearly throw the plaintiff from his feet, and to catch the thumb and finger of his left hand between the bumpers of the said engine and car," etc.

The petition contains no averment that the injury occurred by reason of any other cause, or through the negligence or fault of any coëmployé of the plaintiff, other than the engineer.   The defendant denied the allegations of the plaintiff, and alleged that the injury resulted from the plaintiff's own carelessness.

The jury were instructed, among other things, that—

"The plaintiff here seeks to recover against the defendant for a claimed injury which he says he received while in the employment of the defendant company in the operation of its railroad, and he says that he is entitled to recover by reason of the negligence of certain other employés of the company, to wit, the engineer or fireman, or both.   Now I say to you that under the laws of this state, if this injury occurred while these parties were in the performance of their duty in operating cars on the line of this defendant's railroad, then the acts of this engineer and fireman were the acts of this defendant, and they are liable for the acts of the engineer and fireman."

In another part of the charge it is stated:

"Now the question is, what may be the improper acts of these men in the law, so that this defendant company will be liable for it?   The rule of law incumbent upon them was— both the engineer and fireman—that in the performance of their duties in operating the engine at the time the accident occurred, was the use of ordinary care and attention," etc.

And in still other portions of the charge the jury were told that the defendant would be liable for the negligence of the fireman as well as for that of the engineer.   The exceptions taken to these instructions are well founded.   It is well established that the plaintiff is not entitled to recover upon any other basis

or cause of action than that alleged in his petition. The only issued·tendered by him was the alleged negligence of the engineer. The petition contained no general charge that the injury resulted from the negligence of the defendant, and no intimation that it was occasioned by any fault or neglect of the fireman. The court, therefore, by its charge, undertook to enlarge the issue, and to present to the jury a case not made by the pleadings. This was error. ( *U. P. Rly. Co. v. Young*, 8 Kas. 658; *Price v. Railway Co.*, 72 Mo. 414; *Edens v. Railroad Co.*, 72 id. 212; *Waldhier v. Railroad Co.*, 71 id. 514; *Ely v. St. Louis &c. Rld. Co.*, 16 Am. and Eng. Rld. Cases, 342.)

*Pleading; erroneous instruction.*

Undoubtedly the company is liable for the negligence of the fireman as well as for that of the engineer, but the plaintiff cannot plead that the liability arose from the negligence of the engineer, and sustain his action by showing negligence in the fireman or in some other servant of the company. If the proof disclosed that the injury was occasioned by the negligence of the fireman, or through some joint fault of the engineer and the fireman, the plaintiff might, under the liberal provisions of the code, have obtained leave to amend his petition. But in that case the defendant would have been entitled to a continuance, as it could not be compelled to enter at once upon the trial of a wholly different issue than that which had been formed by the pleadings. The defendant had a right to assume that it would not be called upon to meet any issue of negligence in the fireman, and may have gone there entirely unprepared to try that question. But the plaintiff made no application to amend, and no amendment was made. If the evidence indisputably showed that the injury was caused by the negligence of the engineer, and not through any fault of the fireman, we might hold the instruction to be harmless, but such is not the case. The evidence is conflicting with regard to the fault of the engineer, and there was incidentally brought into the testimony some proof tending to show negligence in the fireman. In view of this condition of the evidence, we are unable to say that the directions given by the court that

the defendant might be held liable for the negligence of the fireman did not mislead the jury, and we must therefore reverse the judgment, and remand the cause for a new trial.

All the Justices concurring.