[Civil No. 405.  Filed March 8, 1894.]

[36 Pac. 216.]

# THE SANTA FE, PRESCOTT, AND PHŒNIX RAILWAY COMPANY, Defendant and Appellant, v. JOSEPH HURLEY, Plaintiff and Appellee.

1. PLEADING—NEGLIGENCE—AMBIGUITY—CONSTRUCTION.—Allegations in a complaint for personal injuries which recite that the pile-driver at which plaintiff was employed was, as it was then used and managed by the defendant, unsafe, defective, and insecure, and being so unsafe and insecure was so unskillfully and in such unsafe manner operated by defendant that the weight used in said pile-driver escaped from its fastenings and injured plaintiff, will be construed as allegations of negligence in using defective machinery, this being the inherent force of the complaint, to save it from confusion and to render it reasonably clear and intelligible.

2. SAME—COMMINGLING OF SEPARATE CAUSES OF ACTION—CONSTRUCTION.—Where a complaint contains words which, if properly arranged, might state two causes of action, it will be construed as stating only the one principally intended.

3. SAME—EVIDENCE—ADMISSIBILITY—CONFORMITY TO ISSUE.—In an action for personal injuries, where the negligence alleged is the use of defective machinery, evidence that the injury was caused by an unmanageable team of horses used in operating the machinery is inadmissible and is reversible error.

4. NEGLIGENCE — PLEADING — DEFECTIVE MACHINERY — UNMANAGEABLE HORSES NOT.—Conceding that the complaint is to be construed as a general allegation of negligence in the use of defective machinery, without specifying any particular defect, still the judgment must be reversed, for the reason that the unmanageable team of horses was in no sense "machinery."

5. PLEADING—ISSUES—NOT TO BE RAISED BY EVIDENCE—RECOVERY MUST BE UPON ISSUES RAISED BY PLEADINGS.—The broad and comprehensive liberality of our system of code pleading was not designed to enable a party to raise issues for the first time by the evidence, or to recover upon an issue other than the one stated in the pleadings.

APPEAL from a judgment of the District Court of the Fourth Judicial District in and for the County of Yavapai. Owen T. Rouse, Judge.  Reversed.

The facts are stated in the opinion.

Baldwin & Johnston, for Appellant.

The complaint is susceptible of two wholly different constructions:—

First—That the pile-driver was unsafe, defective, and insecure, and that the defendant had notice thereof; and .

Second—That the pile-driver was carelessly, negligently, and unskillfully operated.

The allegations of the amended complaint being as already stated, the court admitted evidence not of a defective pile-driver or its negligent operation, but admitted evidence of unmanageable horses. This was error. The plaintiff could only recover upon the facts alleged. *McPherson* v. *Pacific Bridge Co.,* 20 Or. 486, 26 Pac. 560; *Woodworth* v. *Oregon R. and N. Co.,* 18 Or. 289, 22 Pac. 1076; *St. Louis etc. R. R. Co.* v. *Fudge,* 39 Kan. 543, 18 Pac. 720; *Heilbroner* v. *Hancock,* 33 Tex. 714; *Atchison-Topeka R. R. Co.* v. *Irwin,* 35 Kan. 288, 10 Pac. 820; *Waldhier* v. *Railroad Co.,* 71 Mo. 514; *Coal Co.* v. *Wilson,* 47 Kan. 460, 28 Pac. 178; *Edens* v. *Railroad Co.,* 72 Mo. 212; *Trewatha* v. *Mining Co.,* 96 Cal. 494, 28 Pac. 571, 31 Pac. 561; *Field* v. *Railroad Co.,* 76 Mo. 614.

J. F. Wilson, and Herndon & Hawkins, for Appellee.

BAKER, C. J.—The suit was commenced to recover damages for personal injuries. It is alleged, in substance, that the appellee was employed by appellant as a "brace" or "spud" holder about a certain pile-driver, at the time being used in the construction of appellant's railroad, and that, while so employed, his hand and a portion of his arm were cut off through the negligence of appellant. The appellee recovered a judgment for thirteen thousand dollars damages against the corporation, and it appeals. There are numerous errors assigned, one of which we will now consider. The following portion of the complaint is necessary to a correct understanding of our conclusions: "That the said pile-driver, at which plaintiff was so placed as the said employee of said defendant, and as such brace or spud holder in the operation of the same, was, as it was then used and managed by the defendant by and through its superintending foreman and managing agent, unsafe, defective, and insecure, of all of which defendant at the time had notice, and plaintiff did not have notice; and that

the same, being so unsafe and insecure, as aforesaid, was by the defendant, then and there acting by and through its superintending agent and foreman over the operation of said piledriver, so carelessly, negligently, and unskillfully, and in such unsafe and insecure manner used and operated, and while the same was in the service of the defendant as aforesaid in the construction of its said railroad as aforesaid, and without any carelessness or negligence of plaintiff, that the weight used in the connection with the operation of said pile-driver escaped from its fastenings, and fell with such force' upon the right hand and arm of plaintiff, where he was engaged at work at his assigned post of duty, that it severed his right hand and arm from his body.''

The natural inquiry is, What was the cause of the injury? The complaint must answer the question in the first instance. We look to that because it is the means designed by our judicial system to apprise both the court and the parties of the precise subject of controversy. In construing its language we should make every reasonable intendment, and read and apply the terms in their natural and usual sense, and sustain the pleading, if possible. The whole pleading should receive such a construction as will avoid attributing to it misleading statements. Now, taking the words in their ordinary and usual sense, their meaning is, that the injury was the immediate result of the weight escaping from its fastening and falling upon the plaintiff's hand and arm. The reasonable intendments are, that it escaped because it was insecurely fastened, and that for that reason it was defective and unsafe, and, being so, the defendant used it. This is the inherent force of the whole complaint. The expressions "as it was then used and managed by the defendant" and "in such unsafe and insecure manner used and operated" refer to, and are to be confined to, the insecurely fastened weight; otherwise, the complaint is justly liable to the charge of it being impossible to determine whether the negligence consisted of some distinct act in merely operating the machine, or in using and maintaining defective machinery itself, and either one or the other ought to be clearly set out. The counsel for appellee contend in their brief that negligence both in operating or running the machinery and in having or using defective machinery itself is charged. If so, good pleading would require that they be

separately stated. It is quite impossible in this instance to tell where the one begins and the other ends. A sample of commingling these charges in one count is found in *Waldhier* v. *Railroad Co.*, 71 Mo. 514. Where a complaint contains words which, if properly arranged, might state two causes of action, it will be construed as stating only the one principally intended. *Sharp* v. *Miller*, 54 Cal. 329. We think the allegation is negligence in using defective machinery,—defective in the particular of the weight not being securely fastened. This reading of the complaint is the only one to save it from utter confusion and make it reasonably clear and intelligible, and we therefore adopt it. The machine was operated by means of a rope attached to the weight, and reeved in a double and single block, going from double block at head of the driver to snatch-block below, then to a team of horses. These horses raised the weight to a point where it "tripped" for its descent down the leads, which are made to guide it to the pile standing between the leads, ready for driving into the earth, and strikes it fairly upon the head. It has a drop of twenty-seven feet, and weight 2,050 pounds. The horses are required to stop when the weight trips, or the machine is pulled out of position, and accidents become possible. The plaintiff's duty was to hold the pile steady by means of a brace or spud, and prevent it from striking against the leads, and he was standing upon the bed plate discharging this duty when the misfortune occurred. He was permitted to show, over the objections of the defendant, that the horses, instead of stopping when the weight "tripped," became fractious and unmanageable and "jumped" or "jerked," and continued to pull upon the rope, and forced the pile-driver out of its proper position, jerked its foot away from the foot of the pile, and caused it to assume an oblique position, so that the weight descending the leads struck the pile at an angle instead of upon its top, and broke it off, catching the plaintiff's hand and arm between it and the bed-timbers of the pile-driver, where he had fallen, or partially fallen, having lost his balance because of the reeling or swaying of the machine, and mashing off the hand and a part of the arm. The witnesses T. J. George, T. G. George, G. M. Brown, and R. M. Brown all gave evidence of this character. It is quite clear from all the evidence that the weight did not escape from its fastenings in the sense of having been

insecurely fastened. It is equally clear that it tripped and descended the leads at the time and in the manner provided for in the construction of the machine. The witnesses repeatedly testified that the accident was caused by the horses becoming unmanageable or fractious, or being wild and unfit for such service, and pulling too far, and not stopping when the weight "tripped." Thus the plaintiff was suffered to prove another and different act of negligence (if such fact was negligence, which we do not decide) than the one set out in the complaint. The rule is very well established that, if the plaintiff specifically plead the act or acts constituting the defendant's negligence, he cannot prove other and different act or acts for the purpose of substantiating his complaint. Black on Proof and Pleadings, sec. 140, and note; *Batterson* v. *Railway Co.*, 49 Mich. 184, 13 N. W. 508; *Cherokee etc. Min. Co.* v. *Wilson*, 47 Kan. 460, 28 Pac. 178; *Woodward* v. *Navigation Co.*, 18 Or. 289, 22 Pac. 1076; *Atchison etc. R. R. Co.* v. *Irwin*, 35 Kan. 288, 10 Pac. 820. This was prejudicial error, and calls for a reversal of the judgment. It has been pointed out to us that there is some evidence in the record to the effect that there was no suitable hook to the rope, so that the horses could be instantly unhooked from the machine upon the tripping of the weight. This is so, but it is apparent that such testimony was incidentally given, and was not relied upon by the plaintiff as being the act constituting the supposed negligence. We cannot so believe in the light of the complaint, which, as we have seen, descends to particulars but fails to specify this circumstance. Besides, it is questionable if the absence of a hook at such a place had anything to do with the injury under the evidence as it appears in the record. The testimony is, that the horses "jerked," "jumped." There was no time to unhitch any hook.

There is another view of the case equally fatal to the judgment. Conceding that the complaint is to be construed as a general allegation of negligence in the use of defective machinery, without specifying any particular defect, still the judgment must be reversed, for the reason that the unmanageable team of horses was in no sense "machinery." This has been directly decided. *McPherson* v. *Bridge Co.*, 20 Or. 486, 26 Pac. 560.

We are not unmindful of the broad and comprehensive

liberality of our system of code pleading, but that system was never designed to enable a party to raise issues for the first time by the evidence, or to recover upon an issue other than the one stated in the pleadings. The judgment is reversed, and the case remanded for a new trial.

Sloan, J., and Rouse, J., concur.