[Civil No. 591.   Filed April 16, 1898.]

[52 Pac. 1122.]

THOMAS WAGNER et al., Defendants and Appellants, v. C. E. BOYCE, Plaintiff and Appellee.

1. JUDGMENT ON PLEADINGS, WHEN PROPER—MOTION FOR EQUIVALENT TO DEMURRER TO THE ANSWER.—When any defense has been pleaded, unless the pleadings show a clear right for recovery on the part of the plaintiff, after giving due weight to the defense presented in the answer, the plaintiff is not entitled to judgment on the plead-

ings; and in that sense a motion for judgment on the pleadings is equivalent to a demurrer to the answer.

2. PLEADING—STATUTE OF LIMITATIONS—REV. STATS. ARIZ. 1887, PAR. 2328, CONSTRUED — DEMURRER — ANSWER, WHEN PROPER.—Under paragraph 2328, *supra,* providing that the laws of limitation shall not be made available unless it be specially set forth as defense in the answer where the bar of limitations appears on the face of the pleadings it can be pleaded by demurrer. In cases where the bar exists as a matter of fact, but is not shown on the face of the complaint, and must be established by evidence *aliunde,* the statute must be pleaded by way of answer. A demurrer is considered for such purpose an answer to that extent, and thus is reconciled to the requirements of the above statute.

3. SAME—ANSWER—CONSTRUCTION.—A pleading called an answer which has in it the elements that constitute an answer rather than a demurrer will be treated as such although worded in part after the manner of a plea by demurrer.

4. SAME—SAME—STATUTE OF LIMITATIONS—SUFFICIENCY.—Allegations contained in an answer setting up the bar of the statute of limitations, "That at all times since the said seventh day of October, 1893, the defendants have been within the territory of Arizona, and have been under no disability that would suspend the statute of limitations," are material allegations of fact, that entitle the defendants to support them by evidence in the trial of the case.

5. SAME—SAME—SAME — NECESSITY FOR VERIFICATION — REV. STATS. ARIZ. 1887, PAR. 735, SUBD. 11, AND PAR. 1880, CITED AND CONSTRUED. —An unverified answer pleading the bar of the statute of limitations to a verified complaint setting up an open account is not within the provisions of paragraph 735, subdivision 11, or paragraph 1880, *supra,* requiring a verified answer, for the reason that such answer does not deny the account or any item thereof.

6. JUDGMENT ON PLEADINGS—STATUTE OF LIMITATIONS—SUFFICIENCY OF ANSWER—REV. STATS. ARIZ. 1887, PARS. 2311, 2312, CITED AND CONSTRUED.—Paragraph 2311, *supra,* provides that actions upon open accounts shall be commenced and prosecuted within three years after the cause of action shall have accrued, and not afterwards; and paragraph 2312, *supra,* provides that the limitation shall run against each item from the date of delivery, unless otherwise specifically directed. Where the complaint in an action upon an open account contains an itemized statement showing the dates of delivery of the several items, and the answer alleges the entire account, including the very last item charged to be beyond the prescribed limitation of time, and sets up the bar of the statute, it is error to render judgment for the plaintiff on the pleadings.

APPEAL from a judgment of the District Court of the Fourth Judicial District in and for the County of Coconino. Owen T. Rouse, Judge. Reversed.

The facts are stated in the opinion.

E. S. Clark, for Appellants.

Herndon & Norris, for Appellee.

DOAN, J.—This is an appeal from the judgment rendered during the March term, 1897, of the district court of Coconino County in an action for debt arising upon an open account between merchant and customers. It was tried in the court below on a motion by the plaintiff for a judgment on the pleadings. The appellee filed his action in the court below on the fourth day of December, 1896, in which he complained of the defendants, and alleged: ''That the defendants are indebted to the plaintiff in the sum of $465.98, which he claims, with interest from the 16th day of April, 1894, upon an open account for certain goods, wares, and merchandise sold and delivered by the plaintiff to the defendants, at their request, between the 4th day of February, 1893, and the 16th day of April, 1894. An itemized statement of said goods, wares, and merchandise so furnished, duly verified, is hereto attached, and marked 'Exhibit A,' and made a part of this complaint. That the defendants have not paid the said sum, nor any part thereof, although often requested so to do. Wherefore plaintiff prays judgment in the sum of $465.98, with interest from the 16th day of April, 1894, and costs of suit.'' To this complaint, and made a part thereof, is attached, as Exhibit A, an itemized account or bill of particulars, setting forth the various items sued for, with the dates when sold by plaintiff and delivered to defendants, the first item being dated February 4, 1893, and the last item being dated October 7, 1893, the total amount charged being $508.06. Following these debits appear five several credits, dated from February 16, 1893, to June 16, 1894, aggregating $42.08, which, being deducted from the total amount charged, leaves the amount sued for $465.98. This account is verified by the following affidavit: ''C. E. Boyce, being duly sworn, deposes and says that the above account is, within his knowledge, just and true; that it is due; that all just and lawful offsets, payments, and credits have been allowed.'' (Signed and sworn to.) The defendants answered as follows: ''Come now the

defendants above named, and, for answer to plaintiff's complaint on file herein, say, first, that it appears on the face of plaintiff's complaint, and defendants so allege the fact to be, that plaintiff's said suit was not commenced within three years after his said cause of action had accrued; that the last item charged against defendants in the account upon which plaintiff bases his action was delivered on the 7th day of October, 1893, and the said action was not commenced until the 4th of December, 1896; and that defendants at all times since the said 7th day of October, 1893, have been within the territory of Arizona, and have been under no disability that would suspend the statute of limitations. Wherefore defendants pray judgment that said action be adjudged to be barred by the statute of limitations, and that defendants recover their costs herein.'' The cause came on for trial in the district court on motion by plaintiff for judgment on the pleadings, and the court rendered judgment on the pleadings, as prayed for in said motion, in the sum of $465.98, with interest thereon from the 16th day of June, 1894, from which judgment, and the order denying a new trial, the defendants appealed, and assigned as error ''that the court erred in rendering judgment for plaintiff on the pleadings, and in holding the plaintiff's action was not barred by the statute of limitations.''

The first point raised by the appellants is, that the court erred in giving judgment on the pleadings, founded upon the legal proposition that when any defense has been pleaded, unless the nature of the pleadings show a clear right for recovery on the part of the plaintiff, after giving due weight to the defense presented in the answer, the plaintiff is not entitled to judgment on the pleadings; and in that sense a motion for judgment on the pleadings is equivalent to a demurrer to the answer. In this instance the district court seems to have gone upon the supposition that the plea of limitation was raised by demurrer. The only ground on which the judgment of the district court could be sustained is, that instead of passing upon the merits of the plea of limitation, it passed upon the sufficiency of the pleading; that rather than adjudging that the limitation would not run against the account, if properly pleaded, the decision was rendered upon the validity of this plea of the statute of limitations by way

of demurrer, and decided against the validity of the plea, because of the fact that the bar did not appear in the face of the pleadings,—a theory that would be supported by the fact that the complaint itself gave the dates from February 4, 1893, to the sixteenth day of April, 1894, and it was only the verified account attached thereto which gave the last date of the account as October 7, 1893,—a date clearly subject to the bar of the statute. Our statutes provide (Rev. Stats., par. 2328) that "the laws of limitation in this territory shall not be made available to any citizen in any suit in any of the courts of this territory unless it be specially set forth as defense in his answer." In accordance therewith, it has been contended that the statute of limitations cannot be pleaded by demurrer, but must, because of the requirements of this statute, be pleaded by way of answer. The better opinion, however, in the courts, under our code practice, seems to be that, where the bar of limitations appears on the face of the pleadings, it can be pleaded by demurrer, but in cases where the bar exists as a matter of fact, but is not shown in the face of the complaint, and must be established by evidence *aliunde,* the statute must be pleaded by way of answer, and is reconciled to the requirements of the statute above quoted on the theory that in the contemplation of our code a demurrer is considered for such purpose an answer, to that extent. An examination of the pleadings in this case, however, discloses the fact that the bar of the limitation was raised by answer, and not by demurrer. That being the case, it is immaterial whether the bar of the statute was apparent in the plaintiff's pleadings or not. The records show that the defendants filed their answer as follows: "Come now the defendants above named, and, for answer to plaintiff's complaint on file herein, say that it appears on the face of plaintiff's complaint, and defendants so allege the fact to be, that plaintiff's said suit was not commenced within three years after his cause of action had accrued; that the last item charged against defendants in the account upon which plaintiff based his action was delivered on the 7th day of October, 1893, and the said action was not commenced until the 4th day of December, 1896; and that defendants at all times since the said 7th day of October, 1893, have been within the territory of Arizona, and have been under no disability that would suspend the statute of limita-

tions. Wherefore defendants pray judgment that the said
action be adjudged to be barred by the statute of limitations,
and the defendants recover their costs herein." This is
plainly and distinctly an answer, in every sense of the word.
It is called an answer in the pleadings, and has in it the ele-
ments that constitute an answer rather than a demurrer.
While it is true that the first part of the first paragraph of the
answer is worded after the manner of a plea by demurrer,
and the allegation "that it appears on the face of the com-
plaint" is made, which is unnecessary, and the further alle-
gation "that plaintiff's suit was not commenced within three
years after his said cause of action had accrued," might be
construed to be a statement of a conclusion of law, rather than
a statement of fact, if those two expressions are excluded, as
surplusage, there still remains enough to constitute a suffi-
cient answer in the statement, "Defendants so allege the fact
to be, that the last item charged against defendants in the
account on which plaintiff bases his action was delivered on
the 7th day of October, 1893, and the said action was not
commenced until the 4th day of December, 1896." These are
allegations of facts,—the one fact relative to the date of the
last item, and the other fact alleged relative to the date of
commencement of the action. They possess the essential ele-
ments of an answer in pleading, and they entitle the defend-
ants to an opportunity in court to establish them by evidence.
The further allegations contained in the answer, "that at all
times since the said 7th day of October, 1893, the defendants
have been within the territory of Arizona, and have been
under no disability that would suspend the statute of limita-
tions," are likewise allegations of fact material to the issue,
that entitle the defendants to an opportunity to support them
by evidence in the trial of the case before judgment shall be
rendered against them. And it is because of these facts thus
alleged in the answer that "defendants pray judgment that
said action be adjudged to be barred by the statute of limita-
tions." If this answer was properly before the court, it was
error on the part of the court to give a judgment on the plead-
ings, unless the facts thus alleged would have been insuffi-
cient to have defeated a judgment for the plaintiff. The two
points, therefore, upon which the case would turn, are: First,
was this answer properly before the court? and second, were

the facts alleged sufficient, if established, to defeat the cause of action?

On the first point it is objected by the appellee's counsel that there was no verified answer before the court, basing their objection upon the requirement in the Revised Statutes (par. 735): "That any answer setting up any of the following matters, unless the·truth of the pleadings appear of record, shall be verified by affidavit." Subdivision 11: "That an account which is the foundation of the plaintiff's action and supported by an affidavit is not just, and in such case the answer shall set forth the items and particulars which are unjust." .They have cited also in support of their view paragraph 1880, which is very similar to the foregoing, and reads: "When any action or defense is founded upon an open account supported by affidavit to the effect that such account is just and true, that it is due, the same shall be taken as *prima facie* evidence. thereof unless the defendant shall at least one day before the trial file a written denial under oath, stating that such account is not just or true in whole or in part. Where he fails to file such affidavit, he shall not be permitted to deny the account or any item therein, as the case may be." This objection does not raise any material issue, for the reason that in this instance the defendants have not denied the account, or any item therein. He has not attacked the truth or correctness of the items or questioned the indebtedness therefor, but has simply raised the bar of the statute of limitations, .which does not attack or deny the account in any manner whatever, but simply leaves the plaintiff without the remedy of a judgment by which to enforce the collection of the indebtedness incurred thereunder. This pleading does not come within the prohibitive paragraphs cited, but, allowing the *prima facie* case already made by the plaintiff's verified account to stand unassailed, it goes on to set up a defense that is entirely consistent with the truth and correctness of the account, and that will defeat the judgment, notwithstanding the evidence thus admitted to be true. For this purpose the defendants were entitled to file their unverified pleading; and if the facts alleged in this unverified answer were sufficient, if established, to defeat the plaintiff's recovery, the court erred in rendering judgment for the plaintiff on the pleadings.

The answer alleged "that the last item charged against

defendants in the account upon which plaintiff bases his action was delivered on the 7th day of October, 1893, and the said action was not commenced until the 4th day of December, 1896, and that defendants at all times since the said 7th day of October, 1893, have been within the territory of Arizona, and have been under no disability that would suspend the statute of limitations.'' The Revised Statutes of Arizona (par. 2311) provides: ''There shall be commenced and prosecuted within three years after the cause of action shall have accrued and not afterwards all actions upon stated or open accounts other than such mutual and current account as concern the trade of merchandise and between merchant and merchant, their factors and agents.'' Paragraph 2312: ''In all accounts except those between merchant and merchant, as aforesaid, their factors and agents, the respective times and dates of delivery of the several items charged shall, after demand made in writing, be particularly specified, and limitation shall run against each item from the date of such delivery, unless otherwise specifically directed.'' That was done in this instance without demand in writing. There is no claim that any contract whatever was made affecting the question of limitation. The answer alleges the entire account, including the very last item charged, to be beyond the prescribed limitation of time, and sets up the bar of the statute. The establishment of this fact by the itemized statement verified by affidavit, and attached to the complaint, was unnecessary to decide the question at issue, because whether the facts were established or not does not affect the proposition that, with the facts alleged, and the statute pleaded, it was error on the part of the district court to render judgment for the plaintiff on the pleadings, and by that means preclude the defendants from the opportunity of sustaining by evidence the allegation in their answer. The judgment of the district court is therefore reversed and the case remanded.

Street, C. J., Davis, J., and Sloan, J., concur.