[Civil No. 701.  Filed November 9, 1900.]

[62 Pac. 691.]

HENRY GOLDWATER, Defendant and Appellant, v. MARY BOWEN, Plaintiff and Appellee.

1. PLEADING — PRACTICE — NO DEMURRER TO ANSWER — JUDGMENT ON PLEADINGS—WHEN GRANTED—MILES v. McCALLAN, 1 ARIZ. 491, 3 PAC. 610, FOLLOWED.—There is no express provision in the statutes for a demurrer to the answer, and judgment may be rendered upon the pleadings when the answer does not deny any of the material allegations of the complaint, or does not set up new matter constituting a defense. If the answer denies in specific terms the material allegations of the complaint, or if it sets up new matter constituting a defense, judgment upon the pleadings may not then be rendered.

2. SAME—ANSWER—SUFFICIENCY.—Plaintiff sued for interest due on a contract in writing, whereby plaintiff conveyed certain property to defendant, defendant to pay purchase price within four years and certain interest monthly until the purchase price was paid. Defendant answered that the instrument did not contain the whole of the agreement and set up the complete contract, and, second, that the contract was an option, which he had exercised and surrendered. *Held,* this answer raised an issue of fact to be tried, and therefore it was erroneous to render judgment on the pleadings for plaintiff.

APPEAL from a judgment of the District Court of the Fourth Judicial District in and for the County of Yavapai. R. E. Sloan, Judge. Reversed.

The facts are stated in the opinion of the court.

Herndon & Norris, for Appellant.

Andrews & Ling, and H. D. Stocker, for Appellee.

STREET, C. J.—The parties to this action on the twentieth day of March, 1895, entered into an agreement in writing with each other, wherein Mary Bowen, appellee, agreed to convey lots 11 and 13 in block 2 of the city of Prescott to the appellant for the sum of four thousand dollars. For that purpose appellee made and executed a deed therefor to Henry Goldwater, the appellant, and delivered the same in escrow

to the Prescott National Bank, accompanied by an escrow agreement signed by the parties, in which it was agreed that on or before four years from the date thereof the appellant, Goldwater, will pay the appellee, Bowen, the full sum of four thousand dollars, with interest thereon at the rate of forty dollars per month, payable monthly, until the full sum of four thousand dollars is paid. Appellant therein agreed to keep the buildings and improvements on said lots insured at his own expense for the benefit of the appellee, Bowen, and to pay all taxes of every kind assessed against the property during the life of the agreement. Goldwater went into possession of the premises, and paid the interest specified in the agreement up to the first day of August, 1897. After that he made default in the payment of interest, and this action was brought by Bowen to recover interest for the months of August, September, October, November, and December, in the sum of two hundred dollars. Defendant answered, and, without denying the execution of the deed or the escrow agreement, alleged that said agreement to purchase was but an option given to him for the purchase of said lots, and he was at liberty to accept or reject it at any time within four years; and that the forty dollars per month interest was but a consideration for rent so long as he should occupy the premises. Defendant further alleged that on or about the first day of August, 1897, he, having decided not to purchase the property, exercised his option, and notified plaintiff that he would not purchase the property, and that he did surrender the possession of the same to the plaintiff, Bowen; since which time he has not occupied the premises, nor had any possession or right of possession to the same, but that the same was wholly surrendered to the plaintiff. Plaintiff moved for judgment on the pleadings, which motion was heard by the court on May 28, 1898, and taken under advisement, and leave granted the defendant to amend his answer. The further hearing of the motion and the cause was continued from time to time until September 27, 1898, at which time it was continued for the term, and the cause was set for trial as the first civil jury case at the November term, 1898. On December 2, 1898, the case was tried by the court sitting without a jury, at which time, before the trial commenced, the defendant, by leave of the court, filed an amended answer, and again plaintiff moved

for judgment on the pleadings. Witnesses were sworn and examined, and, the trial being concluded, the cause was submitted to the court. On January 5, 1899, the following minute entry was made, to wit: "Plaintiff's motion for judgment upon the pleadings having been heretofore argued and submitted, and the court, having fully considered the same, and being sufficiently advised in the premises, sustains the motion, and orders that judgment be entered for plaintiff accordingly; to which ruling of the court the defendant in open court duly excepts,"—whereupon judgment was rendered for the plaintiff against the defendant for the sum of two hundred dollars, together with the sum of $10.31 interest due on said sum, and thereupon the defendant appealed to this court.

There is but one question raised for the consideration of this court, and that is whether the district court committed error in granting judgment upon the pleadings, or whether there was sufficient matter in the defendant's answer to constitute any defense to the complaint. Judgment upon the pleadings is a practice recognized by the courts of Arizona. *Miles* v. *McCallan,* 1 Ariz. 491, 3 Pac. 610. There is no express provision in our statute for a demurrer to the answer, and judgment may be rendered upon the pleadings when the answer does not deny any of the material allegations of the complaint, or does not set up new matter constituting a defense. If the answer denies in specific terms the material allegations of the complaint, or if it sets up new matter constituting a defense, judgment upon the pleadings may not then be rendered. What is not denied must be taken as admitted. The defendant in this action did not deny any of the allegations of the complaint, but undertook to allege matters in defense, which, in effect, were: First, that the instrument in writing accompanying the deed in escrow did not contain the whole of the agreement; and second, that the contract was an option, which he had exercised and surrendered. Counsel, both for the appellant and appellee, have spent much time on their briefs to demonstrate their views as to whether the agreement as signed by the parties could be affected by a parol agreement or not. We do not feel called upon to settle that discussion. We only have to determine whether the answer raised an issue. The language of the answer was: "It was expressly understood and agreed that the writing,

when signed, should not amount to anything more than an option on the part of defendant to purchase the property at any time during the four years; or, in case he should decide not to purchase the same, to yield the possession, and cease from all liability.'' It further states that the defendant notified the plaintiff that he would not use his option to buy the property, but that he would surrender possession, and that he did surrender possession, and that he had not exercised any authority or made any claim of possession to the property since he had so notified the plaintiff. The answer raised an issue of fact to be tried. The judgment of the district court is reversed, and defendant granted a new trial.

Davis, J., and Doan, J., concur.