[Civil No. 1012.   Filed March 27, 1908.]

[95 Pac. 91.]

T. O. PHILLIPS, Plaintiff and Appellant, v. HOVAL A. SMITH and MARTIN COSTELLO, Defendants and Appellees.

1. PLEADING — ALLEGATIONS — CONSTRUCTION. — In construing a complaint, the court will make every reasonable intendment, and sustain the pleading, if possible.

2. SAME—DEFECTS—MOTIONS.—Where substantial facts constituting a cause of action can be inferred by reasonable intendment from the matters set forth in a complaint, though the allegations of the facts are imperfect and defective, the objection cannot be raised by demurrer, but must be raised by motion to make the allegations more definite and certain.

3. MINES AND MINERALS—CLAIMS—LOCATION—QUIETING TITLE—COMPLAINT.—A complaint, in a suit to quiet title to a mining claim in support of an adverse proceeding pending in the land office, which alleges that defendant, as a prior locator, did not have a valid location; that his claim "was never marked nor monumented on the ground so that the boundaries thereof could be distinctly traced"; and that the surface boundaries of the claim were "never marked by any substantial posts projecting four feet above the surface, . . . nor by substantial stone monuments three feet high, nor to mark nor monument the same at all"—shows, as against a demurrer, a noncompliance with Revised Statutes of the United States, section 2324 (U. S. Comp. Stats. 1901, p. 1426), providing that a location must be distinctly marked on the ground so that its boundaries can be readily traced.

4. SAME.—The allegation in the complaint that plaintiff in fixing the boundaries and marking his claim on the ground selected the same points for the corner monuments that had been fixed for corner monuments for the claim of defendant by the locator thereof, and that the boundaries and monuments of the two claims were iden-

tical, was not an admission that defendant had marked and monumented his claim, and did not nullify a prior allegation that defendant's claim was never marked nor monumented on the ground so that the boundaries thereof could be distinctly traced.

5. SAME.—A complaint which alleges that plaintiff entered on the grounds comprised within the mining claim of defendant "in a peaceable and lawful manner and explored said premises and discovered and found placer gold" is sufficient as against the objection that it shows on its face a forcible, clandestine entry by plaintiff to make his location, in the absence of anything in the complaint to support a conclusion that defendant's claim was occupied by him, since, if defendant was not in the actual possession of the ground, plaintiff was within his right in exploring, and may litigate his contention that he acquired the claim as against defendant, though the word "lawful" in the quoted clause adds nothing to the allegation.

6. SAME.—A complaint which alleges that because defendant and his grantors and predecessors never discovered any mineral on the claim of defendant, and because a valid location thereof was never made, the land covered by the pretended claim was vacant and unclaimed mineral lands of the United States, subject to location, and that plaintiff claims the legal right to occupy and possess the premises, and is entitled to the exclusive possession thereof by virtue of a compliance with the laws, shows that the ground in controversy was unoccupied public mineral land open to plaintiff's location.

APPEAL from a judgment of the District Court of the Second Judicial District, in and for the County of Cochise. Fletcher M. Doan, Judge. Reversed and remanded.

The facts are stated in the opinion.

L. Kearney, for Appellant.

The only question presented to the court is, whether or not the complaint states facts sufficient to constitute a cause of action. The case presents an elementary principle—how a pleading should be construed against a general demurrer. The action is in the nature of ejectment, and complies with the provisions of section 4112, Revised Statutes of 1901. "Even on demurrer the pleadings are to be liberally construed. The complaint on demurrer must be deemed to allege that which can be implied from the allegations therein by reasonable and fair intendment. And a reasonable construction will be given, although the facts are imperfectly or informally averred and argumentatively stated, or the pleading lacks definiteness and precision." 4 Ency. of Pl. & Pr. 749,

755, 756; *Sante Fe* v. *Hurley,* 4 Ariz. 258, 36 Pac. 217; *Shea*
v. *Nilima,* 133 Fed. 214, 66 C. C. A. 263; *Cone* v. *Ivinson,* 4
Wyo. 203, 33 Pac. 31, 35 Pac. 935; Pomeroy's Code Remedies,
3d ed., sec. 549; Id., 4th ed., sec. 443, p. 599, n. 2; *Rauh* v.
*Oliver,* 10 Idaho, 3; 77 Pac. 22.   The pleading must be con-
strued as a whole, and if it can be determined therefrom what
is intended, the pleading is sufficient, and that construction
must be given which will support the pleading and reach the
real intent of the pleader.   4 Ency. of Pl. & Pr., 744-746; 6
Ency. of Pl. & Pr., 346, 369, 389.

Seth E. Hazzard, for Appellees.

Whether the form of the action be at law to recover posses-
sion or in the nature of a suit to quiet title, plaintiff must
allege the facts which will entitle him to the possession of
the ground in controversy against the government as well as
against his adversary.   *Providence Gold Min. Co.* v. *Burke,*
6 Ariz. 323, 57 Pac. 643; *Keppler* v. *Becker,* 9 Ariz. 234, 80
Pac. 334.   The party filing the contest should allege and
prove every step necessary to establish his right to his mining
claim that would be required in the land office for patent,
with the exception of the advertisement and the certificate
of the surveyor general as to the amount of work required
before patent could be obtained.   *Allyn* v. *Schultz,* 5 Ariz.
152, 48 Pac. 960.   The plaintiff, in order to recover in an ad-
verse suit, must show that he is the owner of a valid and
subsisting location of the land in dispute, superior in right
to that of defendants, and he must recover on the strength
of his own title and not on the weakness of that of his ad-
versary.   *Gwillim* v. *Dennellan,* 115 U. S. 45, 5 Sup. Ct. 1110,
29 L. Ed. 348.   To render the complaint sufficient in an
adverse suit, plaintiff must allege that the ground in con-
troversy was mineral land subject to location.   *Keppler* v.
*Becker,* 9 Ariz. 234, 80 Pac. 334.

The allegation of the plaintiff in his complaint that the
ground in controversy was unoccupied public mineral land,
open to plaintiff's location, is governed by the allegations of
the facts whereby it became so open to location, and these do
not justify the conclusion deduced from them, and the result-
ing allegation is a nullity.   "It is a rule of pleading that
where a general result or fact is pleaded, and also the special
facts by which such result is reached, and they do not sup-
port the result, the special facts control, and the pleading is

bad.''  *Carlson* v. *Presbyterian Board etc.,* 67 Minn. 436, 70
N. W. 3; *First Nat. Bank* v. *St. Croix Boom Co.,* 41 Minn.
141, 42 N. W. 861; *McPheeters* v. *Wright,* 110 Ind. 519, 10
N. E. 634; *Pinney* v. *Fridley,* 9 Minn. 34.

NAVE, J.—T. O. Phillips brought suit against Hoval Smith
and Martin Costello to quiet title to a mining claim in sup-
port of an adverse proceeding pending in the land office.  De-
fendants demurred to the complaint on the ground that it
does not state facts sufficient to constitute a cause of action.
The demurrer was sustained, and, plaintiff having declined to
amend, judgment was rendered against him.  From this judg-
ment he has appealed.  The question before us, therefore, is
whether the complaint states a cause of action.

The complaint is long, is involved, and pleads several pages
of evidential matter.  It would not be useful to set it forth
in full, or to abstract it.  It will suffice to take up the defects
urged against it by the appellee Smith through his counsel.

1. Plaintiff, the subsequent locator, seeks in his complaint
to show that the defendants, prior locators, have not had a
valid mining location, and specifies in detail the alleged de-
ficiencies in the location proceedings.  Among other matters
in this behalf he pleads ''that the said Key lode, defendants'
claim, was never marked nor monumented on the ground so
that the boundaries thereof could be distinctly traced, and
that the surface boundaries of the said Key lode were never
marked by any substantial posts projecting four feet above
the surface of the ground, nor by substantial stone monu-
ments three feet high, nor to mark or monument the same at
all.''  The infinitive verbs in the concluding clause of this
allegation do not have, as infinitives, a syntactical relation
with any finite verb in the sentence.  It has been held by this
court that, in construing the language of a complaint, ''we
should make every reasonable intendment, and . . . sustain
the pleading, if possible.''  *Santa Fe etc. Ry. Co.* v. *Hurley,*
4 Ariz. 258, 36 Pac. 216.  In Pomeroy's Code Remedies, third
edition, section 549, the author has said: ''The true doctrine
to be gathered from all the cases is that, if the substantial
facts which constitute a cause of action . . . can be inferred
by reasonable intendment from the matters which are set
forth, although the allegations of these facts are imperfect,
incomplete and defective—such insufficiency pertaining, how-
ever, to the form rather than to the substance—the proper

mode of correction is not by demurrer, . . . but by motion before the trial to make the averments more definite and certain by amendment. . . . If the pleader should aver conclusions of law in place of fact, the resulting insufficiency and imperfection would pertain to the form rather than to the substance. The mode of correction would be by motion, and not by a demurrer." See, also, *Gill* v. *Manhattan Life Ins. Co., ante,* p. 232, 95 Pac. 89, and *Shea* v. *Nilima,* 133 Fed. 209, 66 C. C. A. 263. If the defendants were not satisfied with the allegation that "the said Key lode was never marked nor monumented on the ground so that the boundaries thereof could be easily traced" as an allegation of ultimate fact, they should have attacked the allegation by motion; and, if they were perplexed as to the syntax of the infinitive verbs, the remedy likewise was by motion. Giving the first clause its full weight, it discloses a violation of the requirement of the federal statute that "the location must be distinctly marked on the ground so that its boundaries can be readily traced." Rev. Stats., sec. 2324 (U. S. Comp. Stats. 1901, p. 1426). Extending but little indulgence to the concluding clause, we may regard it as an allegation that the location was not marked or monumented in anywise. The sufficiency of the allegations in the other clauses of the quoted portion of the complaint is attacked by reason of the fact that it does not appear from the complaint that the location of the Key lode was made at a time when the Arizona statutes required that the location should be marked by substantial posts projecting at least four feet above the ground, or by substantial stone monuments at least three feet high. The deficiency in these last-mentioned clauses is negligible, since the first and last clauses in the quotation charge facts which, if true, disclose that the defendants have not a valid location under the federal statutes.

But appellee contends that the effect of this pleading is nullified by the subsequent allegations in the complaint that "in fixing the boundaries and marking the claim upon the ground and making the monuments on the Bonanza placer claim, plaintiff's claim, the plaintiff fixed upon and selected the same points for corner monuments that had been selected and fixed for corner monuments for said Key lode by the locators thereof, and that the boundaries and monuments of the said Key lode and amended Bonanza claim are identical," with a certain exception. Applying the rule of liberal con-

struction, we do not feel, in the face of the allegation that the Key lode was not marked or monumented, that we should interpret this last expression as an admission that it was marked and monumented. Certainly it may not be construed as an admission that the Key claim was "distinctly marked on the ground so that its boundaries can be readily traced."

2. Appellee contends that the complaint is insufficient by reason of the fact that it shows upon its face a forcible, clandestine or surreptitious entry by the plaintiff in order to make his location. This criticism is directed at plaintiff's allegation that he "entered upon the grounds comprised within the Key lode in a peaceable and lawful manner, and explored said premises, and discovered and found placer gold." The adjective "lawful," as contended by appellee, adds nothing to the strength of the allegation; and of course the entry could have been peaceable, and still have been clandestine. *Nev. Sierra Oil Co.* v. *Home Oil Co.* (C. C.), 98 Fed. 673. But there is nothing in the complaint to support a conclusion that the Key claim was ever occupied by the defendants or in their possession, other than as constructive possession may be inferred from their acts of location. If the defendants were not in actual possession of the ground, plaintiff was within his rights in exploring and locating the ground, and may be heard to litigate his contention that he has acquired the mining claim as against the defendants. *Walsh* v. *Henry,* 38 Colo. 393, 88 Pac. 449.

3. Appellee submits that it is not averred in the complaint that at the time of the location by plaintiff, or at any other time, the ground in controversy was unoccupied mineral ground, subject to location. Plaintiff's allegation in this behalf is "that by reason of the defendants, their grantors and predecessors in interest, never having discovered any vein, lode, ledge, or mineral in place on said Key lode, and never having made a valid location or appropriation thereof as required by law as hereinbefore alleged, that all the hereinbefore described lands covered by their pretended location of the said Key lode was, and ever since has been, vacant, unoccupied and unclaimed mineral lands of the United States, and subject to location under the mining laws thereof," until plaintiff located; and, further, that "the plaintiff has and claims the legal right to occupy and possess all those premises hereinbefore described in his amended location notice of said Bonanza claim, is the legal owner thereof, and is en-

titled to the immediate and exclusive possession of every part and parcel thereof by virtue of a full compliance with the local laws and rules of miners in said mining district, the laws of the United States, and of the territory of Arizona, by pre-emption, and by actual prior possession, as a placer mining claim, located on the public domain of the United States.'' Extending to these allegations the liberal interpretation demanded by the rule hereinbefore announced, we hold that they sufficiently aver that the ground in controversy was unoccupied public mineral land open to plaintiff's location.

These are the only points of attack by the appellee which we need to consider. We have given the complaint careful examination, and are satisfied that it states a cause of action. The demurrer should have been overruled.

The judgment of the district court is reversed, with direction to that court to overrule the demurrer to the complaint, to the end that further proceedings may be had not inconsistent with this opinion.

KENT, C. J., and SLOAN and CAMPBELL, JJ., concur.