[Civil No. 1373. Filed April 15, 1914.]

[140 Pac. 63.]

## MACHOMICH MERCANTILE COMPANY, a Corporation, Appellant, v. D. P. HICKEY, Appellee.

1. APPEAL AND ERROR—WAIVER OF ERRORS—FAILURE TO ARGUE.—Where the reasons set up as grounds for the assignment that the court erred in overruling the motion for a new trial were not argued, they would not be considered.

2. PLEADING—COMPLAINT—SUFFICIENCY.—In construing the language of a complaint, every reasonable intendment should be made to sustain the pleading, if possible.

3. PLEADING — COMPLAINT — SUFFICIENCY.—That a complaint alleged legal conclusions instead of facts did not make it bad on general demurrer, where the intention of plaintiff was apparent.

4. TRIAL—RESERVATION OF GROUNDS OF REVIEW.—A general objection to evidence not stating any point was wholly unavailable.

5. TRIAL—DELIBERATIONS OF JURY—URGING OR COERCING AGREEMENT.—
A statement of the trial judge, after the jury had considered a case
during one night and until noon of the following day, that the case
had been twice tried, and that he hoped they would arrive at a ver
dict one way or the other, did not require a reversal.

[As to coercing or urging verdict, see notes in 103 Am. St. Rep.
589; Ann. Cas. 1912D, 440.]

APPEAL from a judgment of the Superior Court of the
County of Cochise. Fred Sutter, Judge. Affirmed.

The facts are stated in the opinion.

Mr. Lee O. Woolery and Mr. F. M. Doan, for Appellant.

Messrs. Williams & Flannigan, for Appellee.

SHUTE, J.—The plaintiff in the court below, D. P. Hickey,
brought suit against the appellant, Machomich Mercantile
Company, a corporation, to recover on an express contract
the sum of $1,208.88, which the said Hickey claimed to be due
him as salary earned while in the employ of the defendant,
the appellant here.

The question is brought here upon six assignments of error
which will be taken up and disposed of in their order as pre-
sented by the appellant.

In the first assignment of error the appellant contends that
the trial court erred in overruling its motion for a new trial.
It sets up as a ground for this eight different reasons, none
of which are argued, and will not be considered here. *Bail*
v. *Hartman,* 9 Ariz. 321, 83 Pac. 358; *Mayhew* v. *Brislin,* 13
Ariz. 109, 108 Pac. 253; *Southern Pacific Co.* v. *Richey,* 13
Ariz. 67, 108 Pac. 225; *Webb* v. *State,* 14 Ariz. 506, 131 Pac.
970.

The second assignment of error is that the court erred in
overruling defendant's general demurrer to plaintiff's second
cause of action. This involves the question whether a plead-
ing that states conclusions instead of facts is good as against
a general demurrer.

It has long been the rule in this state that, in construing
the language of a complaint, every reasonable intendment
should be made to sustain the pleading, if possible. *Santa*

*Fe etc. Ry. Co.* v. *Hurley,* 4 Ariz. 258, 36 Pac. 216; *Phillips* v. *Smith,* 11 Ariz. 309, 95 Pac. 91; *Tevis* v. *Ryan,* 13 Ariz. 120, 108 Pac. 461.

Conceding, for the purpose of this opinion, that the complaint states conclusions of law, an examination of the pleading complained of reveals what the intention of the plaintiff, Hickey, was. It is a general rule under the codes that allegations of legal conclusions instead of facts upon which they are based do not usually make a pleading bad on general demurrer. This, we think, should be the rule. 31 Cyc. 280.

The third assignment of error by the appellant goes to a question of evidence. The appellant claims that the trial court erred in overruling a general objection to the question: "How much experience have you had as a dry-goods man?" To this question, the defendant entered this objection: "We object to the question, if the court please." It is a rule of evidence in this state that a general objection is wholly unavailing, and that a "party wishing the benefit of the remedy must, at the time he complains, shows how he is hurt; in the language of the old authorities, he must lay his finger upon the point of objection." *Rush* v. *French,* 1 Ariz. 99, 25 Pac. 816; *Phoenix Ry. Co.* v. *Landis,* 13 Ariz. 80, 108 Pac. 247.

In the fourth assignment of error the appellant complains of an oral statement made by the trial judge to the jury, as follows: "I hope the jury will arrive at a verdict. As the case has been tried twice, I would like very much to have a verdict one way or the other."

This statement was made by the trial judge after the jury had considered the case during one night and until noon of the following day. In support of this assignment of error, the appellant cites several cases, the only one of which that seems to be in point is the case of *Wootan* v. *Partridge,* 39 Tex. Civ. App. 346, 87 S. W. 356. This case seems to support the contention of the appellant that the language complained of was prejudicial to him. The case is without any reasoning whatever, and is unsupported by any authority. The other cases which have been cited by counsel are readily distinguishable from the case at bar. It does not seem to us from an examination of the language complained of that there could have been any injury to the appellant by reason of it. We recognize that, where cases are decided upon the weight

of the evidence, courts should be very careful of their expressions in the presence of the jury. We do not think, however, that the language complained of was error.

The fifth and sixth assignments of error are not argued by the appellant.

There appearing no error in the record of the case, the judgment of the lower court is affirmed.

FRANKLIN, C. J., and ROSS, J., concur.

CUNNINGHAM, J., being disqualified, and announcing his disqualification in open court, the remaining judges, under section 3 of article 6 of the Constitution, called in Hon. G. W. SHUTE, Judge of the superior court of the state of Arizona in and for the county of Gila, to sit with them in the hearing of this cause.