[Civil No. 2654.   Filed April 9, 1928.]

[266 Pac. 16.]

JOHN A. ALSDORF and EFFA B. ALSDORF,
Appellants, v. MARIE F. HAMPTON, Appellee.

Messrs. A. Van Wagenen, Sr., and A. Van Wagenen, Jr., for Appellants.

Mr. Robert Denton, for Appellee.

LOCKWOOD, J.—Marie F. Hampton, hereinafter called plaintiff, brought suit against J. E. Meyer, Nellie E. Meyer, his wife, and John A. Alsdorf and Effa B. Alsdorf, his wife, in the superior court of Pinal county, to recover judgment on a promissory note in favor of plaintiff for the sum of $850, dated December 2d, 1919, and due one year after date, which note, together with a mortgage securing it, of even date therewith, and covering certain real estate described as lot 1, in block 42, of Cotton City, Pinal county, Arizona, was executed by the Meyers and the mortgage was duly recorded December 4th. It was alleged that defendants Alsdorf claimed some interest in the mortgaged premises subsequent to the lien of plaintiff's mortgage. The prayer was for judgment against the Meyers on the note, and for foreclosure of the mortgage as against all of defendants. The Meyers made no answer, but the Alsdorfs, whom we shall hereafter call defendants, answered, and thereafter plaintiff moved for judgment on the

pleadings. The matter was argued to the court and taken under advisement, and after a considerable period of time judgment was rendered in favor of plaintiff in accordance with the prayer of the complaint, and the Alsdorfs have brought the matter before us for review.

Under our practice a motion by plaintiff for judgment on the pleadings is, in effect, a demurrer to the answer. *Wagner* v. *Boyce*, 6 Ariz. 71, 52 Pac. 1122; *Finley* v. *Tucson*, 7 Ariz. 108, 60 Pac. 872. And the motion should not be granted if the answer sets up sufficient facts to constitute a defense to the action. *Miles* v. *McCallan*, 1 Ariz. 491, 3 Pac. 610; *Goldwater* v. *Bowen*, 7 Ariz. 200, 62 Pac. 691. We must therefore examine the pleadings, and, if in defendants' answer we can discover allegations of material facts which would constitute a defense to the foreclosure of the mortgage in question as against them, the judgment must be reversed. If, on the other hand, their answer does not set up a defense sufficient in law, it must be affirmed.

The answer is voluminous, and contains many conclusions of law and immaterial allegations of fact. We therefore content ourselves with reciting the substance of the material allegations of fact found in the pleadings instead of setting them forth *in haec verba*. The complaint is sufficiently summarized above. Defendants in their answer as a matter of law admit the execution and delivery of the note and mortgage in question, but claim that they are fraudulent as to them. The allegations in support of the plea of fraud, so far as legally relevant and material, are substantially as follows:

Some time before the year 1918 one W. L. Barnard, together with J. E. Meyer, Nellie E. Meyer, his wife, Marie F. Hampton, the plaintiff herein, and several other parties whom it is not necessary to name, entered into a conspiracy. The defendants

in their answer call the members of the alleged conspiracy the "conspirators," and for convenience we shall do likewise. The original purpose of the conspiracy is not set up in the answer, but so far as defendant John A. Alsdorf is concerned, it is alleged to have operated as follows:

The conspirators, about the 1st of March, 1918, induced Alsdorf to purchase certain shares in a corporation which they informed him at that time owned five thousand acres of land of great value, and carrying thereon many extensive improvements, located in the Casa Grande Valley. In the autumn of 1918 they prevailed upon him to resign a position which he held in Tempe to take the management of a store in Cotton City, which they claimed was owned by a subsidiary of the corporation, and, it was alleged by them, at that time had a large trade. When he arrived at Cotton City he found only the shell of a store building, with no merchandise therein, and no existing business. The conspirators, however, convinced him this condition was due to excusable reasons, and that the improvements before represented to him as existing would soon be made, and they did purchase some merchandise to be placed in the store. The merchandise, however, was not paid for, and during the summer and fall of the year 1919 the vendors of such merchandise threatened to begin legal proceedings to collect the amount due them. It had been represented to Alsdorf that the store was owned by the Cotton City Mercantile Company, but as a matter of fact J. E. Meyer individually was the owner of lot 1 in block 42, *supra,* and he alone constituted the mercantile company. In April, 1919, Meyer gave a mortgage of $500 on lot 1, *supra,* to the Casa Grande Valley Bank, and pledged as further security for the loan certain valuable jewelry. The creditors aforesaid brought suit in December, 1919, to recover judgment for the

merchandise purchased as above, and immediately the conspirators paid off the $500 mortgage existing against lot 1, *supra*, and recorded a mortgage on said premises in favor of plaintiff herein for the sum of $850, for the purpose of redeeming the jewelry and subjecting the lot to a new mortgage for its full value, so the creditors, when they recovered judgment, would find their lien subject to the mortgage held by one of the conspirators and valueless. Judgments were rendered against the Cotton City Mercantile Company and J. E. Meyer, and a levy was made on the lot in question shortly thereafter, and the property was sold by the sheriff to some unnamed person.

Shortly thereafter the conspirators urged Alsdorf to purchase the sheriff's certificate of sale, representing to him they would either reimburse him therefor or allow him to retain the property, and further representing to him that the mortgage of the Casa Grande Valley Bank was paid, which was true, and that the premises were free of encumbrance, which was false. Relying on these representations, the defendant did purchase the sheriff's certificate of sale, and at the end of the redemption period, in 1920, took a sheriff's deed to the premises. The conspirators never did reimburse him, or deliver to him any title to the premises, and he had no actual knowledge of the existence of the mortgage in question herein until the year 1922.

There is a general allegation that all the representations above set forth as made to Alsdorf were false and known to be false by each of the conspirators, and that he did not know them to be false, but believed them to be true, and acted thereon, and that plaintiff Marie Hampton knew the said note and mortgage were made for the purpose of defrauding and delaying the creditors and so knew at the time of making them, and that she took them

for the purpose of assisting the Meyers in defrauding the creditors. Defendants also set up a plea of the statute of limitations, under sections 697 and 700, Revised Statutes of Arizona of 1913, Civil Code.

It is the general rule that a purchaser of property at an execution sale is entitled to impeach a prior conveyance by the judgment debtor which is fraudulent as against the judgment creditor. *Hildreth* v. *Sands,* 2 Johns. Ch. (N. Y.) 35; *Wagner* v. *Law,* 3 Wash. 500, 28 Am. St. Rep. 56, 15 L. R. A. 784, 28 Pac 1109, 29 Pac. 927; *Wood* v. *Fisk,* 45 Or. 276, 77 Pac. 128, 738. Alsdorf, who was the purchaser of the sheriff's certificate of sale, was therefore entitled to impeach the prior mortgage in favor of Marie Hampton in the same manner and to the same extent as the judgment creditors. Are the allegations of the answer sufficient to sustain an attack upon the mortgage by one of the creditors?

Substantially speaking, it is set up that the reason the Hampton mortgage was given was in order to prevent the Casa Grande Valley Bank looking to the pledged jewelry to satisfy the debt, and thus leaving the full value of the land subject to the lien of the creditors and to cover the realty with a mortgage for its full value, thus leaving nothing of value subject to such lien. Even though a debtor may be solvent at the time of making a conveyance for a valuable consideration, if it is made with intent to hinder, delay, or defraud creditors, such conveyance may be set aside as void. *Evans* v. *Sparks,* 170 Cal. 532, 150 Pac. 372; *Slade Lumber Co.* v. *Derby,* 31 Cal. App. 155, 159 Pac. 881; *Hager* v. *Shindler,* 29 Cal. 47; *Montgomery-Moore Mfg. Co.* v. *Leith,* 162 Ala. 246, 50 South. 210.

We think the allegation that the creditors were about to bring suit and levy on the property, and that in order to defeat the collection of their debt by such a levy the Meyers, with the full knowledge,

aid and approval of plaintiff herein, executed said mortgage for that purpose, is a sufficient allegation of fraud against the creditors and therefore as against Alsdorf, the purchaser of the sheriff's certificate of sale. It is urged, however, by plaintiff, that since the defense set up in the answer is based on an allegation of fraud, it is barred by the provisions of paragraph 711, Revised Statutes of Arizona of 1913, Civil Code, as amended by the Session Laws of 1917, chapter 76. The statute of limitations under such section for actions based upon fraud or mistake provides that the action shall be brought within three years after the discovery of the facts constituting the fraud or mistake. Defendants alleged they learned of the mortgage in the year 1922, and the answer was not filed until 1926. It is true that Alsdorf could not have brought an independent action against the alleged conspirators, since three years had elapsed from his discovery of the fraud. We have held, however, in the recent case of *Light* v. *Chandler Imp. Co., ante,* p. 101, 261 Pac. 969, that when suit is brought to foreclose a mortgage and a vendee defendant sets up in recoupment thereof deceit on the part of the vendor, even though the statute of limitations has run against an independent action of deceit, he may nevertheless set up such a defense in a suit on the note and mortgage so long as the statute has not run against them. The case at bar is exactly similar in principle, though not in details, on this point, and we think the same rule should apply.

The answer, as we stated, is somewhat involved, and is not to be commended as a model of pleading. It is probable that a motion to strike portions thereof and to make more definite and certain other portions would have been sustained by the trial court. The question arises here, however, on a motion for judgment on the pleadings, which is,

as we said, in effect a demurrer to the answer, and in such a case every reasonable intendment is in favor of the answer. *Phillips* v. *Smith,* 11 Ariz. 309, 95 Pac. 91; *Machomich Mercantile Co.* v. *Hickey,* 15 Ariz. 421, 140 Pac. 63; 31 Cyc. 336.

In view of what we have said, we need not discuss defendants' plea of the statute of limitations further than to say that if the mortgage is fraudulent as against them, the plea is unnecessary, while if the mortgage is not fraudulent it is untenable.

For the foregoing reasons the judgment of the superior court of Pinal county is reversed, and the cause remanded, with directions to deny the motion for judgment on the pleadings and for such further proceedings as may be advisable.

ROSS, C. J., and McALISTER, J., concur.