[Filed April 14, 1891.]

JAMES McPHERSON *v.* THE PACIFIC BRIDGE CO.

PLEADING — NEGLIGENCE. — In an action for negligence, a general allegation of negligence does not charge any fact.

PLEADING — DEFECTIVE MACHINERY — TEAM. — In an action for negligence, where it is alleged defective machinery was used, proof of the use of a team instead of machinery does not tend to support the plaintiff's allegation.   A team is not a machine.

Motion for Non-suit—Plaintiff's Evidence. — When it appears from the evidence on the part of the plaintiff that the injury which the plaintiff received was the result of an accident, or that it occurred through his own carelessness and inattention to his duties, no recovery can be had and a non-suit in such case ought to be allowed.

Multnomah county:  E. D. Shattuck, Judge.

Defendant appeals.  Reversed.

This is an action to recover damages for alleged negligence.  The complaint, among other things, after alleging that the defendant is a corporation and the plaintiff was in its employ about the 2d day of October, 1890, proceeds as follows:  "That while he was so engaged in the erection of said tank, through the negligence and carelessness of said defendant, and through the use of defective machinery by defendant, which defect in the machinery so used was unknown to this plaintiff, the said timbers employed in the erection of said tank fell upon this plaintiff and seriously and severely hurt and injured him about the legs and arms and shoulders, causing him to become unconscious, and as a consequence thereof he has been confined in bed in a hospital for a period of more than three weeks," etc.

Issue was taken upon all the facts alleged, and upon a trial before a jury the plaintiff had a verdict for $1,000. The defendant moved for a new trial, and as a condition for overruling said motion the court required the plaintiff to remit $500, which was done, and then a judgment was entered for the plaintiff for $500, from which this appeal is taken.  After the plaintiff had rested his case in the court below, the defendant moved for a non-suit, which being overruled, an exception was taken.  The other facts appear in the opinion.

*R. Mallory,* for Appellant.

Negligence is never presumed.  It must be alleged and proved. (*R. R. Co.* v. *Judson,* 34 Mich. 507; *Brown* v. *R. R. Co.* 49 Mich. 153, 1 Thomp. Neg. 45.)

There is another reason that this case must fail, and that is, the evidence simply shows the fact of the accident and injury.  Even if the plaintiff's own evidence did not show

his own negligence was the direct cause of it, this will not support a verdict for damages in a case of this kind. (Sh. & Redf. Neg. 5; *Calkins* v. *Burger*, 44 Barb. 424.)

If, as the plaintiff claims, he was the employe of the defendant, he cannot recover for a negligent injury received in its service without showing that it was guilty of the negligence which he claims caused the injury. (*Quincy M. Co.* v. *Kitts*, 42 Mich. 34.)

Injuries to an employe will not sustain an action against the employer when they arise from the voluntary use of machinery which he understands, and to which no objection has been made as to its being peculiarly unsafe. (*Richards* v. *Rough*, 53 Mich. 212; *Michigan Cent. R. R. Co.* v. *Smithson*, 45 Mich. 212.)

The employe assumes the usual and ordinary risks of his employment. (*Railroad Co.* v. *Gildersleeve*, 33 Mich. 133; *Tuttle* v. *R. R. Co.* 122 U. S. 189.)

When there is no conflict in evidence, it is error to find contrary thereto. (*Hallock* v. *City of Portland*, 8 Or. 29; *Morris* v. *Perkins*, 6 Or. 350; *Hayden* v. *Long*, 8 Or. 244; *Marx* v. *Schwartz*, 14 Or. 177; *Breon* v. *Henkle*, 14 Or. 494; *Glenn* v. *Savage*, 14 Or. 567.)

*N. D. Simon*, for Respondent.

If the negligence of the fellow-servants alone caused the injury, then the defendant is not liable, but where the use of defective machinery or premises, or any other carelessness of the defendant, co-operated with the negligence of the co-servant, then defendant is liable. (Woods, Mas. & Serv. 797.)

The employe relies wholly on the judgment of the master that suitable machinery and the needed requirements are supplied. (2 Thomp. Neg. 946.)

Where the negligence of the master in furnishing defective machinery or the insufficient number of co-laborers combines with the negligence of the servant, and it is his duty to oversee and use a particular machine whereby any servant is injured, the master is liable. (10 Gray, 274, 69 Am. Dec. 317; 24 N. J. L. 261.)

Acts of negligence need not be alleged. (23 Hun. 75; 14 N. Y. 310; Baylie's Code Pl. 167.)

Strahan, C. J.—The particular structure upon which the plaintiff was working at the time of the injury complained of was the frame necessary to support a water tank. This is the plaintiff's statement at the trial, of the injury and how it occurred: "When we got the bent together,—when we got everything ready to raise it,—the engine did not come along in time. There was a team there that was used to haul sand, and he (Martin, the foreman,) said we would hook that team on it and raise it with them. He did hook the team on it and started to raise it up, and they could not raise it, and he told us all to come and give the team a lift. There were five of us, and we came and gave the team a lift to raise it up; we got it raised two or three feet and it came back on us, and then he said for a couple of us to go and get a couple of shores and put under it and hold it up; so two men got sticks and put under it, and they raised it so they could help with the shores, and they put them under and caught it. The team hauled it a piece and then they would catch it with the shores; the team hauled it a piece further and got it quite a ways up, and it stopped again; and he said, 'some one go and get a long shore.' I went and got a stick 2 x 8, 16 feet long, and they raised it; and I caught it the first time and held it and they started again. The next time they started the team, it came back and I did not catch it, and the shores were too far and it tipped over on me."

The plaintiff's counsel claims in effect, on the argument in this court, that a general allegation of negligence and carelessness was sufficient; but that contention cannot be sustained. Such allegation does not charge a fact. (*Woodward* v. *O. R. & N. Co.* 18 Or. 289.) This leaves nothing upon which a recovery could be predicated but the charge of defective machinery. What particular machinery was used, or in what the alleged defects consisted, is not alleged; but conceding, as the defendant made no objection on the ground

of this uncertainty, that he ought not to be permitted to raise it now for the first time, the question of fact arises necessarily on the motion for a non-suit, and this brings us to the main question in this case.

On the argument here, the only defective machinery claimed to be in the case was the team hitched to the end of the rope and used for the purpose of lifting the bent. The court instructed the jury that as the team performed the office of a machine, and it was to be regarded as one; and the respondent's counsel contended that if this team was unable to lift the bent by hauling at the rope, the allegation of the use of defective machinery was made out. We are unable to concur in this view. A team is in no sense machinery, any more than a man would be hauling at the same rope. But without placing our decision on this question alone, we have carefully viewed all the evidence offered by the plaintiff, and giving full effect to every inference which might be drawn from it, it is not shown that the defendant was negligent. So far as appears, due care was used about the work by the defendant, and the injury which the plaintiff received was either the result of an accident, for which no one is responsible, or his own carelessness and inattention in failing to have his shore in proper position to receive the bent when the horses stopped pulling. If the shore which plaintiff held had been in proper position, there can be no doubt that the bent would have rested upon it and the injury would not have occurred. For this unfortunate circumstance it is certain the defendant is not responsible. It violated no duty it owed to plaintiff. We have not thought it necessary to consider or decide the other question argued by the appellant's counsel, which is that the defendant was not doing the work when the injury occurred, and that the plaintiff was not employed by it at the time, for the reason that the other questions are decisive of the case.

The judgment must be reversed and the cause remanded

to the court below, with directions to allow the defendant's motion for a non-suit.