(December 10, 1898.)

## ·KING v. OREGON SHORT LINE RAILWAY.

### [55 Pac. 665.]

RAILROAD COMPANY—KILLING OF STOCK—PLEADING—NEGLIGENCE.—
Under subdivision 2, section 4168 of the Revised Statutes, which
requires the complaint to contain a statement of the facts con-
stituting the cause of action in ordinary and concise langauge, a
general allegation of negligence, while good against a general de-
murrer, is not good against a demurrer on the ground of un-
certainty.

(Syllabus by the court.)

APPEAL from District Court, Bannock County.

P. L. Williams and Joseph H. Blair, for Appellant.

All the code states have, in substance, the same provision
found in our Idaho Code, subdivision 2, section 4168, requiring
the complaint to contain "a statement of the facts constituting
the cause of action, in ordinary and concise language." And
these states—some by special demurrer on the ground of uncer-
tainty, and others by motion to make more definite and cer-
tain—all provide a way of requiring the pleader to comply with
this provision. Illustrative of this proposition, and in point,
as well, in support of this demurrer, is the case of *Stephenson
v. Southern Pacific Co.* (from the supreme court of California)
102 Cal. 143, 34 Pac. 618, 36 Pac. 407. (*Woodward v. Oregon
Ry. etc. Co.,* (supreme court of Oregon), 18 Or. 289, 22 Pac.
1076.) The burden of proof is upon the plaintiff to establish
negligence on the part of the defendant—that the mere killing
of stock by a railroad company by running its engines and cars
over one's stock does not establish a *prima facie* case of negli-
gence. so as to shift and throw the burden of excusing upon the
defendant. (*Cateril v. U. P. R. Co.,* 2 Idaho, 576, 21 Pac.
416; *Spokane etc. Ry. Co. v. Holt,* 4 Idaho, 443, 40 Pac. 56.)

W. T. Reeves, for Respondent.

Mr. Estee, in his work on Pleading second volume, section
2005, page 35, gives the approved form in California, in actions

of this kind (ordinary cases of stock killing).  This form was practically followed in drawing the complaint in this action. In support of the rule we contend for we cite the following authorities: Bliss on Code Pleading, 3d ed., art. 211a; *Cunningham v. Los Angeles Ry. Co.*, 115 Cal. 561, 47 Pac. 452; *Davies v. Oceanic Steamship Co.*, 89 Cal. 283, 26 Pac. 827; *Stephenson v. Southern Pacific Ry. Co.*, 102 Cal. 143, 34 Pac. 618, 36 Pac. 407; *Railroad Co. v. Wolfe*, 80 Ky. 84; *House v. Meyer*, 100 Cal. 592, 35 Pac. 308; *Scott v. Hogan*, 72 Iowa, 614, 34 N. W. 444; *Rogers v. Truesdale*, 57 Minn. 126, 58 N. W. 688; *Jones v. Darden*, 90 Ala. 372, 7 South, 923; *Texas etc. Ry. Co. v. Easton*, 2 Tex. Civ. App. 378, 21 S. W. 575; *Louisville etc. Consolidated R. Co. v. Hicks*, 11 Ind. App. 588, 37 N. E. 43, 39 N. E. 767; *Benjamin v. Holyoke etc. Ry. Co.*, 160 Mass. 3, 39 Am. St. Rep. 446, 35 N. E. 95; *Louisville etc. Ry. Co. v. Berkey*, 136 Ind. 181, 35 N. E. 3.)

Action by W. H. King against the Oregon Short Line Railway Company to recover value of cattle alleged to have been killed by negligence of defendant.  Judgment for plaintiff. Defendant appeals.  Reversed.

This action was brought by the respondent to recover the value of four head of cattle alleged to have been killed by appellant's locomotives and cars—one alleged to have been killed on May 7, 1897; one on May 10, 1897; one on August 5, 1897; and one on November 5, 1897.  The killing of each animal is set up as a separate cause of action.  The third paragraph of each cause of action, which contains the allegations of the careless and negligent killing of said stock, is couched substantially in the same language, and in the first is as follows, to wit: "That the defendant, by its agents and servants, not regarding its duty in that respect, so carelessly and negligently ran and managed its locomotives and cars that the same ran against, upon, and over said steer, and killed and destroyed the same, to the damage of the plaintiff in the sum of eighteen dollars, no part of which has been paid."  The total value of the four head is alleged to have been seventy-eight dollars.  To each of said causes of action the defendant, who is appellant here, interposed a demurrer on the ground of uncertainty, and dis-

tinctly specifies that each of said causes of action is uncertain in several particulars, and among them the following: 1. It does not state any facts constituting negligence or carelessness on the part of any agent or servant of the defendant, or of the defendant; 2. It does not state any act or omission on the part of any agent or servant of the defendant, or of the defendant, or of anyone, constituting negligence or carelessness. The demurrer was overruled, and appellant declined to answer or further plead, whereupon judgment was given and entered in favor of the plaintiff. This appeal is from the judgment.

SULLIVAN, C. J. (After Stating the Facts.)—There is but one question presented by the record, and that is: In actions based on negligence, is it sufficient to plead negligence generally, or must the specific acts of commission or omission be specifically set out in the complaint? It is conceded by counsel for appellant that the complaint in this action would be good as against a general demurrer, to wit, a demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action, and that it is sufficient to sustain a verdict or judgment, unless attacked by a demurrer on the ground of uncertainty, specifically setting forth wherein it is uncertain. While counsel for respondent concede that, if the facts are sufficiently within the knowledge of the pleader, it would be better pleading to plead them, they also contend that the rule of pleading negligence is so thoroughly settled in this country that it is no longer an open question, and the rule is to the effect that it is unnecessary to plead the particular acts or omissions that constitute the negligence, and cite Bliss on Code Pleading, 3d ed., sec. 211a; *Cunningham v. Railway Co.,* 115 Cal. 561, 47 Pac. 452; *Stephenson v. Southern Pac. Co.,* 102 Cal. 143, 34 Pac. 618, 36 Pac. 407, and numerous other cases. It is said in Bliss on Code Pleading, third edition, section 211a, that a general allegation of negligence is allowed; that negligence is the ultimate fact to be pleaded, and is not a conclusion. Referring to negligence and fraud, it is said: "The law draws the conclusion in both cases, yet we can see that the negligence possesses more of the element of fact than does fraud.

. . . . We do not infer it as a legal conclusion from certain facts, but it is a fact itself inferable from certain evidence. . . . . Fraud will never be presumed. The facts from which it is inferred must be shown." And, after giving some examples and citing authorities, the author concludes said section as follows: "Some negligence is presumed, and it must, of necessity, be alleged generally." Simply because "some negligence will be presumed," certain facts being shown, we are unable to comprehend that for that reason "negligence must, of necessity, be alleged generally." If certain facts must be shown before negligence will be presumed, the plaintiff must know these facts before he can show them; and, if he knows them, he certainly can allege them, and thus inform the defendant of the specific facts from which the conclusion of negligence is drawn. If, under the laws of this state, the killing of a steer by a locomotive engine or train of cars were made *prima facie* evidence of negligence, then, such killing being alleged in the complaint, a cause of action would be stated. But, under the statutes of this state, something more than the killing must be shown, in order to entitle plaintiff to recover. He must not only show the killing, but he must show the certain other fact or facts from which the conclusion of negligence will be inferred or drawn. And, if a plaintiff must show acts or omissions from which negligence will be inferred before he can recover, it certainly is no hardship on him, nor unreasonable, to require him to allege them. Subdivision 2, section 4168 of the Revised Statutes provides that the complaint must contain "a statement of the facts constituting the cause of action in ordinary and concise language." The causes of action in this case are based on the negligent killing of certain animals. Under said provision of the statute, the complaint must contain a statement of the facts constituting the negligent killing, in "ordinary and concise language." In *Stephenson v. Southern Pac. Co., supra,* the facts constituting the negligence were stated in the complaint in ordinary and concise language. The court, after stating that at common law it was necessary, in a declaration for negligence, to set out the facts, in detail, constituting the basis of the action, says: "In adopting what is known as the 'code

system of pleading,' courts in most of the states have excepted from the general rule, requiring a complaint to state the facts constituting the cause of action in ordinary and concise language, cases founded upon negligence, or, rather, they have so far modified the rule as to permit the plaintiff to state the negligence in general terms, without stating the facts constituting the negligence." If it be true that the courts of most of the states have excepted from the general rule, which requires a complaint to state the facts constituting the cause of action in ordinary and concise language, cases founded on negligence, or rather, have so far modified that provision of the statute as to permit the plaintiff to state negligence in general terms, without stating the facts constituting the negligence, this court is not inclined to follow them. No doubt, we have much good court-made law; but, when we have a plain provision of the statute—too plain for construction—if it requires modification, the legislative department of the state may do that. This court will not undertake it. The legislature has furnished the basis of decision as to the facts a complaint must contain, and courts are bound by it. In the case last cited the court further said: "The statement of other facts auxiliary to this main fact [negligence] might have tended to a clearer conception of the principal act, but the most there can be said against the pleading is that it states a cause of actiо., but states it imperfectly, which is the equivalent of saying that it is good except as against a special demurrer." So we think in the the case at bar the complaint sufficiently states a cause of action, except as against a special demurrer on the ground of uncertainty. The demurrer should have been sustained, and the defendant permitted to amend his complaint by setting forth the facts constituting the negligence. In *Woodward v. Navigation Co.*, 18 Or. 289, 22 Pac. 1076, which was a case founded on negligence, the court says: "Our code (section 66) requires the complaint to contain a plain and concise statement of the facts constituting the plaintiff's cause of action, and one of the great objects to be attained by this enactment was to compel the plaintiff to place upon the record the specific and particular facts which he claims entitles him to recover," and holds that

the plaintiff must allege in the complaint the acts or omissions of the defendant causing the injury, and show that they occurred through or by the negligence of the defendant. That decision recognizes the fact that in some jurisdictions it is sufficient to allege generally that the injury complained of was negligently done, but declares that that method of pleading has not been approved in that state. In *McPherson v. Bridge Co.*, 20 Or. 486, 26 Pac. 560, the supreme court of Oregon holds that in actions for negligence a general allegation of negligence does not charge a fact. In *Batterson v. Chicago etc. Ry. Co.*, 49 Mich. 184, 13 N. W. 508, the court held that the plaintiff, in negligence cases, is "bound to set out the combination of material facts relied on as his cause of action, and follow up his allegations by evidence pointing out and proving the same combination of circumstances." (See, also, *Pullman Palace Car Co. v. Martin*, 92 Ga. 161, 18 S. E. 364; *Steffe v. Old Colony R. R. Co.*, 156 Mass. 262, 30 N. E. 1137; *Conley v. Richmond etc. R. R. Co*, 109 N. C. 692, 14 S. E. 303; *Price v. Water Co.*, 58 Kan. 551, 62 Am. St. Rep. 625, 50 Pac. 450.) We are aware that there is very respectable authority which holds that a general allegation of negligence is sufficient, and that at common law it was not necessary, in a declaration for negligence, to set out the facts constituting the negligence. But our Code of Civil Procedure has greatly changed the common-law rules of pleading, and requires the facts constituting the cause of action to be set forth in ordinary and concise language. And in the case at bar facts sufficient should have been set forth to inform the defendant what act or omission constituted the negligence complained of. The judgment of the court below is reversed with instructions to sustain the demurrer, and to give the plaintiff leave to amend his complaint. The costs of this appeal are awarded to appellant.

Huston and Quarles, JJ., concur.