(June 1, 1908.)

# W. A. YOUNIE, Respondent, v. BLACKFOOT LIGHT and WATER CO., Appellant.

[96 Pac. 193.]

NEGLIGENCE—GENERAL ALLEGATIONS OF—AMBIGUITY AND UNCERTAINTY —SPECIAL DEMURRER—INSTRUCTIONS—REFUSAL TO GIVE.

1. Where no demurrer is interposed against a complaint in which negligence is pleaded generally, such general plea of negligence is sufficient.

2. Ambiguity and uncertainty in a complaint which states a cause of action cannot be reached by objection to the introduction of evidence, but may be reached by special demurrer pointing out the ambiguity or uncertainty.

3. *Held*, that certain testimony objected to was properly admitted.

4. The instructions given by the court amply cover the case when applied to the evidence introduced.

5. *Held,* that the court did not err in its refusal to give certain instructions requested by the appellant.

6. One operating an electric light plant must exercise that reasonable care consistent with the practical operation of that dangerous business, and must exercise the utmost skill, care and caution in its operation, and must use such care, caution and diligence in the construction, operation, maintenance and inspection of its plant and appliances.

(Syllabus by the court.)

APPEAL from the District Court of Sixth Judicial District for Bingham County.   Hon. James M. Stevens, Judge.

Action to recover damages for the careless construction, maintenance, etc., of an electric plant.   Judgment for plaintiff.   *Affirmed.*

S. J. Rich, J. H. Peterson, and A. M. Bowen, for Appellant.

In an action to recover damage for negligence, the plaintiff must allege the acts and omissions of the defendant upon which he relies, and he cannot recover on acts not alleged.   (*Woodward v. Navigation Co.,* 18 Or. 289, 22 Pac. 1076; 6 Thompson on Negligence, secs. 7452, 7491; *Haner v. Northern Pac. R. Co.,* 7 Ida. 305, 62 Pac. 1028; *Georgia R. R. Co. v. Oaks,* 52 Ga. 410.)   Where a person charges a specific act of negligence, he is concluded thereby and cannot recover upon other ground not alleged.   (*Telle v. Leavenworth R. T. R. Co.,* 50 Kan. 455, 31 Pac. 1076; *Marquette etc. Ry. Co. v. Marcott,* 41 Mich. 433, 2 N. W. 795; *Toledo etc. Ry. Co. v. Foss,* 88 Ill. 552; *Carter v. Kansas City, St. Joe & C. B. Ry. Co.,* 65 Iowa, 288, 21 N. W. 607; *Baltimore etc. Ry. Co. v. Lockwood,* 72 Ohio St. 586, 74 N. E. 1071; *Redford v. Spokane St. Ry. Co.,* 9 Wash. 55, 36 Pac. 1085; *Santa Fe, P. & P. Ry. Co. v. Hurley,* 4 Ariz. 528, 36 Pac. 216; *Politowitz v. Citizens' Tel. Co.,* 115 Mo. App. 57, 90 S. W. 1031; *Stenger v. Buffalo Union Furnace Co.,* 95 N. Y. Supp. 793, 109 App. Div. 183; *Waldhier v. Hannibal & St. Joseph R. R. Co.,* 71 Mo. 514; *Buffington v. Atlantic & P. R. R. Co.,* 64 Mo. 246; *Chicago City Ry. Co. v. Gregg,* 69 Ill. App. 77.)

Nowhere in the instruction at bar is it stated that the plaintiff must have exercised ordinary care. See *Murphy v. Chicago R. L. & R. Co.*, 38 Iowa, 539, in which the court held the instruction bad for not calling the attention of the jury to the question of contributory negligence. (*McCormick v. Chicago etc. R. R. Co.*, 47 Iowa, 345; *Ribble v. Starrat*, 83 Mich. 140, 47 N. W. 244; *Cleveland etc. Ry. Co. v. Butler*, 55 Ill. App. 594; *Gamble v. Mullin*, 74 Iowa, 99, 36 N. W. 909; *Chicago etc. R. R. Co. v. Mock*, 72 Ill. 131; *Phila. W. & B. R. Co. v. State*, 66 Md. 501, 8 Atl. 273.)

G. F. Hansbrough, for Respondent.

Under a complaint alleging negligence generally, and also specifying particular acts of negligence, evidence of any other kinds of negligence is admissible; the general allegation being sufficient, the particular charges being surplusage, should not affect the reception of evidence. (1 Estee's Pleadings, 4th ed., sec. 1815; *Edgerton v. New York & Harlem R. R. Co.*, 35 Barb. 389; affirmed, 39 N. Y. 227; *Cunningham v. Railroad Co.*, 4 Utah, 206, 7 Pac. 795.) As a rule, negligence may be pleaded generally. It is an ultimate fact and not a conclusion of law. (*McGonigle v. Kane*, 20 Colo. 292, 38 Pac. 367; *House v. Meyer*, 100 Cal. 592, 35 Pac. 308; Bliss on Code Pleadings, 3d ed., sec. 211a.)

Ambiguity and uncertainty in a complaint which states a cause of action, but not with that certainty contemplated by the code, cannot be reached by an objection to the introduction of evidence under the complaint, but only by special demurrer, pointing out the ambiguity and uncertainty complained of by the defendant. That negligence is not alleged with sufficient particularity can only be raised by special demurrer, and it is too late to raise the question after answer. (*Naylor v. Vt. Loan & Trust Co.*, 6 Ida. 251, 55 Pac. 297; *Hobson v. New Mexico A. R. Co.*, 2 Ariz. 171, 11 Pac. 545; *Denver Consol. Electrical Co. v. Lawrence*, 31 Colo. 301, 73 Pac. 39; *Snyder v. Wheeling Electric Co.*, 43 W. Va. 661, 64 Am. St. Rep. 922, 39 L. R. A. 499, 28 S. E. 733; *House v. Meyer*, 100 Cal. 592, 35 Pac. 308; *Louisville N. A. & C. Ry.*

*Co. v. Berkey,* 136 Ind. 181, 35 N. E. 3; *Mack v. St. Louis K. C. & M. Ry. Co.,* 77 Mo. 232; *Gulf C. & S. F. R. Co. v. Washington,* 49 Fed. 347, 1 C. C. A. 286; *Rogers v. Truesdale,* 57 Minn. 126, 58 N. W. 688; *Senate v. Chicago, M. & St. Paul Ry. Co.,* 57 Mo. App. 223; *King v. Oregon Short Line Ry. Co.,* 6 Ida. 306, 55 Pac. 665, 59 L. R. A. 209.)

The operator of an electric plant must exercise that reasonable care consistent with the practical operation of the business which would be observed by reasonably prudent persons under like circumstances, increasing the care with any change in conditions likely to increase the danger, and having due regard to the existing state of science and of the art in question, and must exercise the highest skill, care and caution, and utmost diligence and foresight in the construction, maintenance and inspection of its plant and appliances which is attainable with the practical operation of its plant. (*Brush Electric Co. v. Lefevre* (Tex. Cr. App.), 55 S. W. 396; *Denver Consol. Electric Co. v. Lawrence,* 31 Colo. 301, 73 Pac. 39; *Caglione v. Mt. Morris Electric Co.,* 56 App. Div. 191, 67 N. Y. Supp. 660; *Ahern v. Oregon Telephone Co.,* 24 Or. 276, 33 Pac. 403, 35 Pac. 549, 22 L. R. A. 635; *Eaton v. City of Weiser,* 12 Ida. 544, 118 Am. St. Rep. 225, 86 Pac. 541; *Mitchell v. Charleston Light & Power Co.,* 46 S. C. 146, 22 S. E. 767, 31 L. R. A. 577.)

All of the instructions must be based upon the evidence rather than on the pleadings, and the instructions given for both parties must be construed together, and if they state the law correctly as a whole, any error appearing in one series will be deemed corrected by the other. (*State v. Corcoran,* 7 Ida. 220, 61 Pac. 1034; *People v. McDowell,* 64 Cal. 467, 3 Pac. 124; Hughes' Instructions to Juries, sec. 71, and cases cited.)

SULLIVAN, J.—This action was brought to recover damages for the loss of a team and harness alleged to have been caused by the negligence and carelessness of the defendant corporation, in negligently, and carelessly failing to exercise and use proper care, diligence, skill and material in putting up,

operating, inspecting and maintaining its electric light plant and system of appliances and wires connected therewith, and dangerously and negligently constructing and putting in the plaintiff's livery barn said dangerous and defective system of wires, without proper fuses or having the wire properly insulated and fastened.

The defendant denied the material allegations of the complaint, and set up as a further defense that the damage was caused by unavoidable accident and by the negligence of plaintiff himself. The cause was tried by the court with a jury, and the jury returned a verdict in favor of the plaintiff for $360 and judgment was entered for that amount. The defendant corporation moved for a new trial, which motion was denied by the court, and this appeal is from that order.

Numerous errors are assigned on which a reversal of the judgment is asked. Many of the errors refer to the admission of certain testimony and the refusal of the court to strike out certain evidence, the contention of the appellant being that all of this testimony was not within the issues made by the pleadings, and immaterial and irrelevant for that reason. The basis of this contention is that the complaint sets forth some particular acts of negligence, and it was error to admit evidence of other negligent acts on the part of the defendant.

In order to fully present this matter, it will be necessary to set forth some of the allegations of the complaint.

After alleging the corporate existence of the appellant, it is alleged that said appellant in conducting its electric light and electric power business, had erected a receiving and distributing plant, and had strung poles along the streets and alleys of the village of Blackfoot, and strung upon the said poles a system of wires, appurtenances and appliances charged with a certain dangerous and life-destroying fluid and current, known as electricity; that in January, 1895, the said corporation, "its agents, servants and employees, negligently and carelessly constructed a system of wires and electric lights in plaintiff's livery barn in said village, for the purpose of lighting said barn, and negligently and carelessly attached

said system of wires and lights to said defendant's wires strung along the streets of said village, and negligently and carelessly failed and neglected to exercise and use proper care, diligence, skill in putting up said plant and selecting material therefor, and in operating, inspecting and maintaining its plant, wires and other appurtenances and appliances and system of wires connected therewith, and dangerously and negligently constructed and put into said plaintiff's livery barn said dangerous and defective system of wires without proper fuses or having the wire therein properly insulated, attached and fastened, and represented to plaintiff that said system of wires so constructed in the said livery barn was safely and properly put in and constructed.''

The complaint further alleges as follows: ''And by reason of the defendant, its agents, employees and servants failing to use and exercise proper care, diligence, material and skill in putting in, operating, inspecting and maintaining its plant, wires and other appurtenances as aforesaid, did on the 18th day of January, 1906, and without fault of plaintiff, negligently and carelessly permit a dangerous, unusual and excessive current of electricity to pass into and through said defective system of wires in plaintiff's said livery barn, and thereby carelessly, unlawfully and negligently allowed one of said wires in said barn to become burned, broken and to fall down in said livery barn, and that while said wire, charged with electricity, was hanging, and without the fault of, or any contributory negligence on the part of plaintiff, said broken and hanging wire came into contact with and struck two horses belonging to plaintiff, and threw said horses to the floor of said barn, killing both of said horses, and tearing and burning the harness thereon, to plaintiff's damage in the sum of $375; that by reason of the defendant, its agents, servants and employees negligently and carelessly, permitting said unusual, excessive and dangerous current of electricity to pass into and through the said system of wires, so constructed by defendant in plaintiff's said livery barn as aforesaid, the defendant, its agents, servants and employees did on the 18th day of January, 1906, negligently, carelessly and unlawfully,

and without fault or any contributory negligence on the part of plaintiff, burn up, destroy and completely ruin all the electric lights and system of wires in plaintiff's barn, to plaintiff's greater and further damage in the sum of $18."

It appears that a "cross" of wires occurred outside of the barn, and by reason of that fact the dangerous condition existed in the barn, and the plaintiff was permitted to introduce evidence, over the objection of the appellant, to the effect that he tried to get the appellant's office by telephone but could not get it, and then went to the appellant's substation and office and found no one there, and tried to find appellant several times but could not until after the accident had occurred. In fact, the evidence objected to shows that said wires became crossed about 2 o'clock in the afternoon and remained so for two hours and a half, until the accident occurred, and said evidence shows that if the appellant had had an agent in its substation whom the plaintiff could have notified of the condition of the wires, the current could have been turned off and no damage would have been done.

Counsel for appellant insists that all of this testimony is entirely outside of the pleadings; that defendant is charged with negligently constructing, putting in and maintaining a defective system of wires, defective because of improper fuse plug, insulation, etc., and by reason of same an unusual current was permitted to enter the building, doing the damage alleged. Counsel contends that there is nothing anywhere to give notice that respondent relied upon the alleged absence of the defendant's agent from the office or that such was negligence.

There is nothing in this contention. The allegations of the complaint fully warrant the introduction of any testimony tending to show the carelessness and negligence in the appellant's erecting, operating and maintaining its said system or plant. If the plant was negligently operated by reason of a failure to have employees in charge thereof at all times, under the allegations of the complaint, evidence of the fact that they did not do so was competent. However, in support of appellant's contention, counsel cites *Haner v. Northern Pac.*

*Ry. Co.,* 7 Ida. 305, 62 Pac. 1028.   In that case the complaint alleged negligence only in the running, managing, and operating of a locomotive and train of cars, and they undertook to show that the damage occurred because of the failure and neglect of the railway company to fence its right of way. That case is not in point here, for the reason that the complaint alleges negligence in the failure of the appellant to use due care in building, operating, maintaining and inspecting its plant, wires, fixtures and appliances.   No demurrer whatever was filed against the complaint.   As a rule, negligence may be plead generally, it being an ultimate fact and not a conclusion of law.   (*McGonigle v. Kane,* 20 Colo. 292, 38 Pac. 367; *House v. Meyer,* 100 Cal. 592, 35 Pac. 308; Bliss on Code Pleading, 3d ed., sec. 211a.)   And this court held in *King v. Oregon S. L. Ry.,* 6 Ida. 306, 55 Pac. 665, 59 L. R. A. 209, that a general allegation of negligence, while good against a general demurrer, is not good against a special demurrer on the ground of uncertainty.   There is nothing in this contention of the appellant, as the allegations of the complaint are amply sufficient to warrant the admission of the testimony objected to.   In *Naylor v. Vermont L. & T. Co.,* 6 Ida. 251, 55 Pac. 297, this court held that ambiguity and uncertainty in a complaint which states a cause of action, but not with that certainty contemplated by the code, cannot be reached by objection to the introduction of evidence, but may be reached by special demurrer pointing out the ambiguity and uncertainty complained of, and in *Hobson v. New Mexico & A. R. Co.,* 2 Ariz. 171, 11 Pac. 545, it was held that negligence which is not alleged with sufficient particularity can only be raised by special demurrer, and that it was too late to raise the question after answer.   (*Denver C. E. Co. v. Lawrence,* 31 Colo. 301, 73 Pac. 39.)   The case of *Woodward v. Navigation Co.,* 18 Or. 289, 22 Pac. 1076, cited and relied on by appellant, was overruled by the Oregon court in the cases of *Cederson v. Navigation Co.,* 38 Or. 346, 62 Pac. 637, 63 Pac. 763; *Boyd v. Portland Electric Co.,* 40 Or. 126, 57 L. R. A. 619, 66 Pac. 576, and *Chaperon v. Portland G. E. Co.,* 41 Or. 39, 67 Pac. 928.

Certain testimony given by Mr. Tupper is objected to. He testified that 115 volts of electricity would be sufficient to light the building, also that a fuse wire should be used to prevent any heavier voltage in the building, and the evidence shows that it would take something like 1,000 volts to kill a horse. It appears that it was an act of negligence in the defendant in permitting such a heavy voltage to go into the barn and that if a proper fuse wire had been used, wire that would have burned out or melted in case of an excessive current coming on the wire, the melting of the wire would have broken the current and no harm would have been done.

It appears from all of the evidence that after the wires crossed or got out of order, that the excessive current went into the barn and that if defendant's agent could have been found, the current could have been turned off and the accident prevented. This evidence was introduced to show the negligence in turning a dangerous agency loose without having a proper person in charge. This evidence was competent to show negligent operation of the appellant's plant.

We have gone carefully over the assignments of error in regard to the admission and rejection and refusal to strike out certain testimony, and we find no error in the record in that regard.

Counsel for appellant contends that the court erred in giving and refusing to give certain instructions to the jury. We have carefully examined the instructions given by the court, and we think they amply cover the case when applied to the evidence, and we are of the opinion that the instructions requested and refused should not have been given, and that the court did not err in refusing to give them, as part of said requested instructions were embodied in those given and the remaining parts were properly refused.

It clearly appears from the testimony that there was carelessness on the part of the appellant in the erection, operation and maintenance of its said plant. Electric companies are held to the highest degree of care practicable to avoid injuries to persons who may accidentally or otherwise come in contact with their wires. Electricity is recognized as one of the most

destructive agencies we have, and the highest degree of care and diligence is required by those who are operating electrical plants in order to avoid injury to person and property. (*Eaton v. City of Weiser*, 12 Ida. 544, 118 Am. St. Rep. 225, 86 Pac. 541.)

We find no error in the record, and for that reason the judgment must be affirmed, and it is so ordered. Costs are awarded to the respondent.

Ailshie, C. J., concurs.

Stewart, J., did not sit at the hearing and took no part in the decision of the case.