PULLEN, RESPONDENT, *v.* CITY OF BUTTE, APPELLANT.

(No. 2,592.)

(Submitted December 19, 1908.   Decided January 25, 1909.)

[99 Pac. 290.]

*Personal Injuries—Cities and Towns—Defective Sidewalks— Complaint—Insufficiency.*

1.   A complaint in an action against a city for damages alleged to have been sustained by reason of a defective sidewalk, which merely stated that the city had negligently placed the sidewalk in an unsafe, dangerous and defective condition and permitted it to remain so, but failed to specify in what respect the walk was unsafe, dangerous or defective, did not state facts sufficient to show negligence on the part of the city. The allegation amounted to a bare legal conclusion of the pleader.

*Appeal from District Court, Silver Bow County; Jeremiah J. Lynch, Judge.*

ACTION by Henrietta Pullen against the city of Butte.   From a judgment for plaintiff, and from an order refusing a new trial, defendant city appeals.   Reversed and remanded.

*Mr. Edwin S. Booth,* and *Mr. W. E. Carroll,* for Appellant.

*Mr. Lewis A. Smith,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This is an action for damages for personal injuries alleged to have been sustained by the plaintiff.   The only allegation

in the complaint which seeks to charge the defendant city with negligence is the following: "That the said defendant * * * willfully, negligently, carelessly, and wrongfully caused the public sidewalk on the west side of Idaho street, between Galena and Mercury streets, * * * to be placed in, and willfully, carelessly, wrongfully, knowingly and negligently permitted the same to remain in, an unsafe, dangerous, and defective condition." At the close of plaintiff's case, the defendant moved for a nonsuit, specifying, among other grounds, that the complaint does not state facts sufficient to constitute a cause of action. The motion was denied. The plaintiff had judgment, and, from the judgment and an order denying it a new trial, the defendant appeals.

It will be necessary to notice but one contention made by the appellant. It is said that the complaint does not allege any facts showing, or tending to show, negligence on the part of the city. The allegation of the complaint is quoted above. It will be observed that it is not anywhere stated in what respect the sidewalk was unsafe, dangerous, or defective. Respondent, however, answers that "negligence is an ultimate fact, and not a conclusion of law, and a general allegation of negligence is sufficient"; and, again, "a general allegation of negligence in the particular act complained of, resulting in damages, is good, at least in the absence of a special demurrer." With these declarations we do not find any fault whatever. They simply do not reach the question we are considering. What do they mean? In *Smith* v. *Buttner*, 90 Cal. 95, 27 Pac. 29, the court, in considering the question now before us, said: "It is well settled that negligence may be charged in general terms; that is, what was done being stated, it is sufficient to say it was negligently done, without stating the particular omission which rendered the act negligent." In other words, if the doing of certain acts, under certain circumstances, constitutes negligence, it is sufficient after specifying the acts to say that they were negligently done; or, if the failure to do certain acts constitutes negligence, then it is sufficient, after specifying the acts, to say

that the defendant negligently failed to do them. With few exceptions, this is the full extent to which the authorities go, and, indeed, most of the authorities cited by counsel for respondent recognize the rule we have stated. For instance, *King* v. *Oregon Short Line R. Co.*, 6 Idaho, 306, 55 Pac. 665, 59 L. R. A. 209, is cited, and our attention is directed to the note in the L. R. A. report. The note reviews the authorities at great length, and in conclusion the author of the note says: "While the above note is a long one, a statement of the general rule that it is sufficient in an action for negligence to state the act by which the injury was caused, and that it was negligently done, is nearly a complete summary." The rule is stated in 1 Abbott's Trial Brief, section 395, as follows: "No particular form of words is necessary to make out an allegation of negligence. It is enough, on demurrer, that facts are stated which show negligence." In 6 Thompson on Negligence, section 7447, the author says: "The general rule is easily stated: Ultimate facts only are to be pleaded, and it is not good pleading to plead matters of evidence. But the application of the rule involves difficulty. * * * If the pleading fairly informs the opposite party of what he is called upon to meet, and the specific acts of negligence are followed by a general statement that the acts were negligently done, * * * there ought not to be much trouble about the question. Very plainly the pleader should set out the acts or omissions of the defendant upon which he bases his right to recover, and should show that they occurred through or by the negligence of the defendant." To the same effect are *McGonigle* v. *Kane*, 20 Colo. 292, 38 Pac. 367; *City of New Albany* v. *McCulloch*, 127 Ind. 500, 26 N. E. 1074; *Snyder* v. *Wheeling Electrical Co.*, 43 W. Va. 661, 64 Am. St. Rep. 922, 28 S. E. 733, 39 L. R. A. 499; *McPherson* v. *Pacific Bridge Co.*, 20 Or. 486, 26 Pac. 560.

Section 6532, Revised Codes, provides, among other things: "The complaint must contain * * * (2) a statement of the facts constituting the cause of action, in ordinary and concise language." In *Woodward* v. *Oregon Ry. & Nav. Co.*, 18 Or.

289, 22 Pac. 1076, the court says: "Our Code, section 66, requires the complaint to contain a plain and concise statement of the facts constituting the plaintiff's cause of action; and one of the great objects to be attained by this enactment was to compel the plaintiff to place upon the record the specific and particular facts which he claims entitle him to recover. The field of inquiry is thus narrowed, and the defendant is enabled to come into court advised beforehand of the particular facts he must come prepared to contest. * * * It is true, in some jurisdictions, it seems to be held sufficient to allege generally that the injury complained of was carelessly and negligently inflicted upon the plaintiff, or that, by reason of the carelessness and negligence of the defendant, the plaintiff was injured; but this mode of statement has never been sanctioned or approved in this state, is at variance with the plain requirements of the Code, and would give the defendant no notice of the acts claimed to be negligent, so that he might come prepared to meet them."

Counsel for respondent also cites *Storm* v. *City of Butte,* 35 Mont. 385, 89 Pac. 726. But in that case the complaint set forth the facts constituting the negligence, and in considering it this court said: "It is directly alleged that the city negligently permitted snow and ice to accumulate on the sidewalk at the point where the injury occurred, to the depth of several inches, and that this snow and ice, by reason of persons passing over it, and other causes, became so uneven and rounded, and had such an angle from the level of the sidewalk, that a person could not walk over it without danger of falling, and that this condition was known to the city for a long time prior to the date of plaintiff's injury. It is in effect alleged, though not very specifically, that this accumulation of snow and ice under the circumstances described constituted an obstruction which the city negligently permitted to remain there without proper protection, and without any light or signal to indicate danger. We are of the opinion that these allegations are sufficient."

In our opinion the allegation that the city negligently placed the sidewalk in an unsafe, dangerous and defective condition and permitted it to remain in such condition is but the statement of the bare legal conclusion of the pleader, and did not state facts sufficient to show negligence on the part of the city. The judgment and order are reversed, and the cause is remanded for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.