(No. 6422.   June 1, 1937.)

JOHN PARKS, Appellant, v. HELEN MATHEWS, ROY
E. MATHEWS and FARMERS AUTOMOBILE IN-
TER–INSURANCE EXCHANGE, a Corporation, by
FARMERS UNDERWRITERS ASSOCIATION, Its
Attorney-in-fact, Respondents.

[69 Pac. (2d) 781.]

S. T. Schreiber, for Appellant.

Elam & Burke, for Respondents.

HOLDEN, J.—In February, 1936, appellant was driving a draft horse hitched to a loaded wagon on one of the highways of this state. While he was so driving, an automobile driven by Helen Mathews and owned by Roy E. Mathews, ran into the rear of the wagon, killing the horse and allegedly damaging the wagon and injuring appellant. In July following the accident, appellant commenced an action against Helen Mathews, the driver of the car, and her father, Roy E. Mathews, to recover damages alleged to have been sustained on account of the accident, and joined the Farmers Automobile Inter-Insurance Exchange (hereinafter called the Exchange) as a party defendant, upon the theory, apparently, that the Exchange, by the issuance and delivery of an accident policy to respondent Roy E. Mathews, had become liable to appellant for such damages as he had sustained by reason of the accident. Following the filing of an original complaint, appellant filed an amended complaint. To the

amended complaint each of the respondents filed separate, general and special demurrers, motions to strike, and motions to separately state causes of action.

The trial court sustained the general demurrer of defendant and respondent Roy E. Mathews, as well as his motion to strike certain allegedly irrelevant, sham, redundant, immaterial, and prejudicial matter from the amended complaint. It overruled respondent Helen Mathews' general demurrer but sustained her special demurrer. The trial court also sustained the motion of the Exchange to strike certain matter from the amended complaint upon the ground that it was irrelevant, sham, redundant, immaterial, and prejudicial, but did not rule upon the general or special demurrers filed by the Exchange.

The record presents three questions for determination, first, whether the court erred in sustaining the motion of the Exchange to strike; second, whether the court erred in sustaining the motion of respondent Roy E. Mathews to strike certain matter from the amended complaint; and, third, whether the court erred in sustaining the special demurrer of Helen Mathews.

These questions will be discussed in the order stated.

It appears that the motions to strike of the respondents are identical. The Exchange moved to strike and the trial court struck from the title to the action:

"Roy E. Mathews and Farmers Automobile Inter-Insurance Exchange (a corporation) by Farmers Underwriters Association, its attorney-in-fact."

It also struck the following matter:

"and that the Farmers Automobile Inter-Insurance Exchange is an insurance corporation, duly organized, existing under and by virtue of the laws of the State of California, with its principal place of business at Los Angeles, and empowered to transact business and issue automobile liability insurance in Idaho, having heretofore complied with the laws of the state relative to foreign corporations doing business in this state, and maintains an office at Boise, Ada County, Idaho."

Also the following matter;

"defendant's Roy E. Mathews', automobile (said Roy E. Mathews being the father of defendant Helen Mathews) ; and who had given his full consent and permission to drive and use the said car,"

Also the following:

"which automobile was and is registered in the name of Roy E. Mathews, as owner,"

Also,

"bruising his body and injuring his back, knocking him senseless and permanently crippling and incapacitating him, and leaving him under said wreck by the roadside until released from his predicament by travelers on said highway."

Also,

"by the consent, approbation, and permission of her father, Roy E. Mathews, the owner of said machine and who had full knowledge of her recklessness and carelessness as a driver and knew or should have known that she was an unsafe person to operate his automobile at any time";

Also paragraph numbered V of the amended complaint, reading as follows:

"That theretofore the said Roy E. Mathews in contemplation for safety from loss by accident, procured a policy of insurance from the defendant Farmers Automobile Inter-Insurance Exchange and paid the premium thereon with a guaranty in case of liability incurred by reason of any accidents of his own, or by his agents, servants, or employees, or members of his family in the operation of said car, an accidental loss incurred through and by the said automobile upon the public highway and through the operation of said car that the same be indemnified fully and that the said Farmers Automobile Inter-Insurance Exchange agreed in consideration of the premium paid and to be paid to insure the said defendant as named herein for an initial term of six months from twelve o'clock noon, Standard Time, at insured's stated address on the effective date shown and set out in the application and for such succeeding terms of six months as the guaranty deposit is maintained and required by the policy and the application therefor while the automobile heretofore described is and remains within the limits of the continental limits of the United States."

Also paragraph numbered VI of the amended complaint, reading as follows:

"That the said Farmers Automobile Inter-Insurance Exchange, defendant, is a foreign corporation, licensed to engage in the insurance business in the state of Idaho, and as such corporation insures against liability to others by reason of the operation of motor vehicles; that prior to the time of said accident, heretofore set forth, defendant Farmers Automobile Inter-Insurance Exchange at Boise, Ada County, Idaho, did issue and deliver a policy of automobile liability insurance to defendant Roy E. Mathews for a valuable consideration, upon an application duly made, copies of which application and insurance policy are hereto attached and impleaded and made a part of this complaint and marked exhibit 'A,' upon which application the policy was issued covering and by which it agreed to pay any liability incurred on account of injury to property or persons of others by reason of the operation of the automobile owned and operated by defendant or members of his family, agents, or servants, with his consent; also any person while using the automobile or any person or organization legally responsible for the use thereof, all of which facts are more fully set out in the original policy which is in defendants' possession; that said policy of insurance was in full force and effect on the 22d day of February, 1936, the day and time the accident in question occurred, and by reason and by virtue of the terms of said policy said defendant Farmers Automobile Inter-Insurance Exchange is liable to the plaintiff for damages caused by said accident because of the negligence of the defendants, Helen Mathews and Roy E. Mathews within the specified limitations and terms in said policy in the sum not to exceed ten thousand dollars."

Also paragraph numbered VII of the amended complaint, reading as follows:

"Plaintiff further upon information and belief alleges: that assured has fully complied with any and all the conditions contained in policy on his part to be performed prior to the bringing of this action."

Section 5–802, I. C. A., provides that:

"*Sham and irrelevant matter.*—Sham and irrelevant answers, and irrelevant and redundant matter inserted in a

pleading, may be stricken out, upon such terms as the court may in its discretion, impose.''

The motion of the Exchange to strike the above-quoted matter from the amended complaint was made upon the ground that it was ''irrelevant, sham, redundant, immaterial and prejudicial.'' Respondent Exchange did not, in its motion, move to strike any of the above-quoted matter upon the single ground that it was ''sham,'' nor upon the single ground that it was ''irrelevant,'' nor upon the single ground that it was ''redundant.'' It moved to strike such matter from the amended complaint upon but one ground, to wit, that it was all ''irrelevant''; that it was also all ''sham''; that it was also all ''redundant''; that it was also all ''immaterial''; and that it was also all ''prejudicial.'' In other words, the Exchange moved to strike the said matter from the amended complaint upon the ground that it was all equally ''irrelevant, sham, redundant, immaterial and prejudicial.'' No attempt was made to separate the ''sham'' matter, if any, from the ''irrelevant,'' if any, nor the ''irrelevant'' matter, if any, from the ''redundant,'' nor was any attempt made to separate the ''sham, irrelevant, and redundant'' matter, if any, from the relevant matter, if any.

We are not required to determine whether the amended complaint states a cause of action against the Exchange, because the trial court did not pass upon the general demurrer of the Exchange challenging the sufficiency of that complaint. To repeat, the question is, Did the trial court err in sustaining the motion to strike made by respondent Exchange?

■ In stating *any* cause of action, no matter what it might be, against a corporation, it is proper and usually necessary, to allege its corporate existence and, if organized pursuant to the laws of another state, it is also proper to allege that it is a foreign corporation; nevertheless, the trial court struck from the amended complaint the matter alleging the corporate existence of the Exchange.

■■ And in stating a cause of action against a surety company for damages sustained in an automobile accident on account of the negligence of an agent of an insured car owner, upon the theory that the insurer undertook and prom-

ised that it would pay to any person or persons who might be injured through the carelessness or negligence of the insured car owner, or his agent, in operating the automobile, the amount of damages suffered, not exceeding the amount stated in the policy, it is both proper and relevant to allege that the company issued and delivered a policy to the car owner, in that until a policy has been issued and delivered, there is no contract and, therefore, no liability on its part either to a third person or to any one else. The trial court, however, struck from the amended complaint the allegation that the Exchange issued a policy of insurance to respondent Roy E. Mathews prior to the accident. Conceding, for instance, that the fact of the issuance of the policy, as well as the allegations of the complaint touching the alleged liability of the Exchange to appellant for the damages he claims to have suffered, could have been alleged in more apt language, it does not follow that such matter is, on that account, either sham, or irrelevant, or redundant.

Moreover, in stating such a cause of action, it is proper and relevant to allege, for example, that an automobile involved in an accident is registered in the name of a certain person, as a circumstance tending to show ownership, and it is proper and relevant to allege that the person driving the car at the time of the accident was driving it with the consent of the owner, in that such consent is one of the necessary elements of "agency," and it is likewise proper and relevant to allege damage to property and injuries to the person, if any, in that unless damages of some character are sustained, none can be recovered, no matter what the terms of the accident policy may be; nevertheless, the trial court struck all such matter from the amended complaint. Some of the matter stricken from the amended complaint is, no doubt, irrelevant, but respondent Exchange did not, in its motion to strike, separate that matter from the relevant matter.

This court held in *Valley Lumber Co. v. McGilvery,* 16 Ida. 338, 101 Pac. 94, that,

"Where some parts of the matter attempted to be stricken out from a pleading upon the ground that the same is sham, redundant and irrelevant, are intermingled with facts which are relevant and proper, it is not error to overrule said

motion, as it is necessary to separate, in the motion, the particular parts claimed to be sham, irrelevant and redundant from those which are relevant and proper.''

And, in a later case, *Maxwell v. Twin Falls Canal Co.*, 49 Ida. 806, 810, 292 Pac. 232, this court adhered to the above-quoted rule.

The converse of that rule is, that where, as in the case at bar, irrelevant facts are intermingled with relevant, and the irrelevant are not separated from the relevant, it is error to strike both the irrelevant and the relevant.

Where matter alleged in a complaint is foreign to any theory of plaintiff's case, it is, of course, irrelevant, and may be stricken, but where it is relevant upon any theory, it is error to strike even though the matter falls short of stating a cause of action, in that the sufficiency of complaints must be tested by demurrer as provided by section 5–607, I. C. A.

The trial court, upon the motion of respondent Roy E. Mathews, also struck all of the above-quoted matter from the amended complaint. There is enough alleged in the amended complaint to make it apparent that appellant seeks to recover damages from respondent Roy E. Mathews upon the theory that the relationship of principal and agent existed between him and respondent Helen Mathews at the time of the accident. Again, there is no question raised by the motion as to whether the matter stricken sufficiently alleges ''agency.'' The question is, Is such matter relevant in alleging that such a relationship actually existed? An instance or two will serve to illustrate the relevancy of some of the matter stricken. It must be conceded that it would be both proper and relevant to allege the ownership of the car in question, that the person driving it at the time of the accident was driving it with the consent of the owner, as well as the damage to property and injury to person, if any. And allegations of that nature are as relevant in alleging ''agency'' against a car owner as they are against a surety company, where it is sought to recover damages upon the theory hereinbefore mentioned.

In closing our discussion of the first and second questions, we desire to emphasize the fact that we are not by any means holding that the amended complaint sufficiently alleges that

the relationship of principal and agent existed between respondent, Roy E. Mathews, and respondent, Helen Mathews, at the time of the accident, nor that such complaint states a cause of action against respondent Exchange, but only that some of the matter stricken was relevant to the theory upon which appellant seeks to recover.

We come now to the third question presented by the record. Did the trial court err in sustaining the special demurrer of respondent Helen Mathews? It is alleged in the amended complaint that,

"Helen Mathews . . . . coming on from the rear at a rapid and negligent speed drove said automobile in a careless and negligent manner and collided with plaintiff's wagon . . . .

"That said injury to plaintiff and damage . . . . were the direct result and proximate cause of gross careless, negligent, heedless, and reckless operation of the Chevrolet car . . . . that the said defendant Helen Mathews drove the said machine deliberately at a high rate and unsafe speed into the vehicle of the plaintiff, . . . . "

It will be observed the allegation that respondent Helen Mathews deliberately drove the machine at a high rate of speed into the vehicle of the plaintiff, and the allegation that "Helen Mathews . . . . coming on from the rear at a rapid and negligent speed drove said automobile in a careless and negligent manner and collided with plaintiff's wagon . . . . " and the allegation "That said injury to plaintiff and damage . . . . were the direct result and proximate cause of gross careless, negligent, heedless, and reckless operation of the Chevrolet car . . . . " are commingled in one count of the amended complaint.

Respondent Helen Mathews demurred specially upon the ground, among others, that the complaint was ambiguous in that it could not be ascertained from such allegations as to whether the damages sought to be recovered "were wholly due and caused by the defendants' acts and were the direct result and proximate cause of gross careless, negligent, heedless, and reckless operation of the Chevrolet car," or whether appellant sought to recover damages upon the ground "that the said defendant Helen Mathews drove said machine de-

liberately at a high rate and unsafe speed into the vehicle of the plaintiff."

Where, as here, two causes of action are improperly united and commingled in one count of the complaint, the proper remedy to reach that defect is by motion to require the plaintiff to state such causes of action in different counts (*Darknell v. Coeur d'Alene etc. Transp. Co.*, 18 Ida. 61, 108 Pac. 536; *Labonte v. Davidson*, 31 Ida. 644, 175 Pac. 588). In most instances the commingling of two or more causes of action in one count of a complaint would render the pleading uncertain as to whether a recovery would be claimed upon the ground, as in the case at bar, of a deliberate and unlawful injury, or upon the ground of a negligent injury; nevertheless, where the ambiguity or uncertainty arises, as in the instant case, by reason of such commingling, the remedy is by motion to require that the causes of action be separately stated in different counts.

The judgment is reversed and the cause remanded with instructions to the trial court to deny the motions to strike of respondents Exchange and Roy E. Mathews, and to overrule the special demurrer of respondent Helen Mathews, and generally for further proceedings in harmony with this opinion. Costs awarded to appellant.

Morgan, C. J., and Ailshie, J., concur.

Givens, J., dissents.

Petition for rehearing denied.

BUDGE, J., Dissenting.—By amended complaint filed in this action appellant sought to recover from respondents damages on account of injuries alleged to be the result of a collision of an automobile driven by respondent Helen Mathews, with a wagon driven by appellant. To this amended complaint each of the respondents filed separate demurrers, motions to strike, and motions to separately state causes of action.

On September 16, 1936, the trial court sustained the general demurrer of Roy E. Mathews; sustained the motion to strike of Roy E. Mathews and also the motion to strike of

Farmers Automobile Inter-Insurance Exchange; and sustained the special demurrer of Helen Mathews. On the same day appellant in writing refused to plead further and on September 22, 1936, the trial court entered its judgment dismissing the action, from which this appeal is taken.

Appellant's four assignments of error urge that the court erred in sustaining the demurrers and motions to strike and in entering judgment dismissing the action, which may be resolved into three issues: First, whether the amended complaint stated a cause of action against the Farmers Automobile Inter-Insurance Exchange; second, whether the amended complaint states a cause of action against Roy E. Mathews; and third, whether the allegations of negligence and injury contained in the complaint were sufficient to withstand the assault of the special demurrer of Helen Mathews.

It is urged by appellant that the amended complaint stated a cause of action against respondent Farmers Automobile Inter-Insurance Exchange and that the trial court erred in sustaining the motion of respondent Farmers Automobile Inter-Insurance Exchange and dismissing the action as to said company. I cannot agree with this contention. An examination of the provisions of the insurance policy[1] discloses that there is no express or implied provision therein authorizing the bringing or maintaining of an action against

---

[1] "The Exchange agrees to pay on behalf of the Insured when such coverage is designated, Loss and/or Expense resulting from Legal liability imposed upon the Insured resulting solely from an accident occurring while the policy is in force, by reason of the ownership, maintenance, and/or use of the automobile described herein, on account of:

"Clause F—Property Damage

"Damage to property, including the loss of use thereof (except to property owned by, or in charge of the Insured, or property in charge of persons of the same household or in the Insured's service, . . . .

"Clause G—Public Liability

"Bodily injury and/or death, including loss of services, suffered or alleged to have been suffered by any person excepting the insured . . . .

"Clause J—Insolvency or Bankruptcy of the Insured.

"The insolvency or bankruptcy of the Insured shall not release the Exchange from the payment of damages for death, injuries sus-

the insurance company by an injured party prior to an adjudication of legal liability on the part of the insured. The provisions of the insurance policy do not provide for liability on the part of the insurer until it has been determined judicially that the insured is liable to the third party. No legal liability having been judicially established against the insured the motion to strike was properly sustained and the dismissal of the action was not error. The question involved and above determined is clearly and concisely discussed in the cases hereinafter cited making further discussion of the point involved unnecessary. (*Van Derhoof v. Chambon*, 121 Cal. App. 118, 8 Pac. (2d) 925; *Conley v. United States Fid. & Guar. Co.*, 98 Mont. 31, 37 Pac. (2d) 565; *Smith Stage Co. v. Eckert*, 21 Ariz. 28, 184 Pac. 1001, 7 A. L. R. 995.) Appellant cites and relies upon *Collard v. Universal Auto Ins. Co.*, 55 Ida. 560, 45 Pac. (2d) 288, to maintain his position that the Farmers Automobile Inter-Insurance Exchange was a proper party defendant. The case is not in point because the injured plaintiff there had reduced his demands against the insured to a judgment and execution had been returned unsatisfied and the action against the insurance company was to collect such judgment. It is said in the opinion that it has been held that such a policy ''creates a primary liability against the insurer in favor of persons injured or damaged.'' It is obvious that the opinion was speaking of primary or direct liability of the insurance company to the injured party after judgment ob-

---

tained or loss occasioned during the term of the policy. When execution of final judgment against the Insured or Insured's Legal Representative, is returned unsatisfied in an action brought by the judgment creditor then an action may be maintained by the judgment creditor against the Exchange under the terms of the policy for the amount of the judgment, not exceeding the limit of this policy applicable thereto."

"No suit by the Insured to recover for any loss covered by the policy arising or resulting from claims upon the Insured for damages shall be sustainable unless brought after the amount of damages for which the Insured is liable, by reason of any casualty insured by this policy, is determined by a final judgment against the Insured, . . . . "

tained and execution issued and returned unsatisfied in comparison with secondary liability of the insurance company. It was not held or intended to be held and it is not now held that legal liability arises against the insurer and in favor of persons injured or damaged prior to a judicial determination of such liability under the facts and provisions of the policy considered herein. Under the terms of the policy involved herein it is clear that the injured party must first obtain a judgment against the insured, have execution issued thereon and the execution must be returned unsatisfied as conditions precedent to a right to maintain an action against the insurance company. The foregoing being true, all matters in the complaint with relation to the Farmers Automobile Inter-Insurance Exchange were improper and they were properly stricken from the amended complaint. All such matters were entirely foreign to appellant's case, not relevant and not material under any theory, and all such allegations were irrelevant, all sham, all redundant, all immaterial and all prejudicial.

With relation to the negligence of respondent Helen Mathews the complaint alleges:

"Helen Mathews . . . . coming on from the rear at a rapid and negligent speed drove said automobile in a careless and negligent manner and collided with plaintiff's wagon . . . .

"That said injury to plaintiff and damage . . . . were the direct result and proximate cause of gross careless, negligent, heedless, and reckless operation of the Chevrolet car . . . . that the said defendant Helen Mathews drove the said machine deliberately at a high rate and unsafe speed into the vehicle of the plaintiff, . . . . "

A special demurrer was interposed to the complaint reciting in part:

"That said Amended Complaint is ambiguous in the following particulars:

"(a) In that it cannot be ascertained from the following allegation contained in paragraph II of said complaint:

'and coming on from the rear at a rapid and negligent speed drove said automobile in a careless and negligent manner'

at what speed it will be claimed the driver was traveling or in what particulars said. driver drove said automobile in a careless and negligent manner, . . . .

"(c) That it cannot be ascertained from the following allegation in paragraph III of said Amended Complaint:

'were wholly due and caused by the defendants' acts and were the direct result and proximate cause of gross careless, negligent, heedless, and reckless operation of the Chevrolet car'

in what particulars it will be claimed the said Chevrolet car was being operated in a careless, negligent, unlawful and/or reckless manner.

"(d) That it cannot be ascertained from the following allegation in paragraph III of said Amended Complaint:

'That the said defendant Helen Mathews drove said machine deliberately at a high rate and unsafe speed into the vehicle of the plaintiff'

at what speed Helen Mathews drove said vehicle and in what manner she drove the same at an unsafe rate of speed."

While general allegations of negligence may be sufficient if not properly attacked, the rule would appear to be otherwise when defendant has called for a more definite and certain averment at the appropriate time. (*King v. Oregon S. L. R. Co.*, 6 Ida. 306, 55 Pac. 665, 59 L. R. A. 209; *Crowley v. Croesus etc. Min. Co.*, 12 Ida. 530, 86 Pac. 536; *Younie v. Blackfoot L. Co.*, 15 Ida. 56, 96 Pac. 193; *Pullen v. Butte*, 38 Mont. 194, 99 Pac. 290, 21 L. R. A., N. S., 42; *Osborn v. Carey*, 24 Ida. 158, 132 Pac. 967; *McMath v. Holekamp Lumber Co.*, (Mo. App.) 259 S. W. 843; Cyclopedia of Automobile Law and Practice, Blashfield, Vol. 9, sec. 5933, page 130.) In *King v. Oregon S. L. R. Co.*, *supra*, the rule is stated in the syllabus, by the court, as follows:

"Under subdivision 2, section 4168 of the Revised Statutes (Now, I. C. A., sec. 5-605) which requires the complaint to contain a statement of the facts constituting the cause of action in ordinary and concise language, a general allegation of negligence while good against a general demurrer, is not good against a demurrer on the ground of uncertainty."

In the course of the opinion it is said:

"We are aware that there is very respectable authority which holds that a general allegation of negligence is sufficient, . . . . But our Code of Civil Procedure has greatly changed the common law rules of pleading, and requires the facts constituting the cause of action to be set forth in ordinary and concise language. And in the case at bar facts sufficient should have been set forth to inform the defendant what acts or omission constituted the negligence complained of. The judgment of the court below is reversed with instructions to sustain the demurrer, and to give the plaintiff leave to amend his complaint."

See also: *Osborn v. Carey, supra.* I find no error in the court's action in sustaining the special demurrer of respondent Helen Mathews. The majority opinion ignores the special demurrer of Helen Mathews with relation to the question herein considered, namely whether the complaint was specifically sufficient to allege negligence and withstand the onslaught of the special demurrer for uncertainty, and simply states the rule that where two causes of action are improperly united and commingled in one count of the complaint, the proper remedy to reach that defect is by motion to require the plaintiff to state such causes of actions in different counts. Since the court did not err in sustaining the special demurrer of Helen Mathews to the amended complaint for the reasons above indicated it follows that no cause of action was alleged therein as against respondent Roy E. Mathews, the theory of the case being that Roy E. Mathews is liable solely for and on account of the negligence of respondent Helen Mathews. The court therefore properly sustained the general demurrer and motion to strike filed on behalf of respondent Roy E. Mathews. The complaint negatives the idea that the relationship of principal and agent existed between Roy E. Mathews and Helen Mathews, and no liability could be created against Roy E. Mathews in the absence of allegations and proof that Helen Mathews was acting as his agent or that Roy E. Mathews was liable in some manner for her negligence.

The judgment should be affirmed.